621 A.2d 101

Robert CAHILL

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (NORTH AMERICAN COAL CORPORATION).**

**Appeal of NORTH AMERICAN COAL CORPORATION.**

Supreme Court of Pennsylvania.

Argued Sept. 21, 1992.

Decided Feb. 17, 1993.

George H. Thompson, Tillman & Thompson, Paul E. Sutter, Pittsburgh, for appellant.

Timothy P. Creany, Daniel G. Walter, Pawlowski, Creany & Tulowitzki, Ebensburg, for Robert Cahill.

Before NIX, C.J., and LARSEN, FLAHERTY, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

This is an appeal, by allowance, from an order of the Commonwealth Court 137 Pa.Cmwlth. 442, 586 A.2d 522, which reversed an order of the Workmen's Compensation Appeal Board which had reversed a referee's decision awarding disability benefits to the appellee-claimant, Robert Cahill. Under the Commonwealth Court's decision, the appellant-employer, North American Coal Corporation, was ordered to pay total disability benefits retroactive to March 5, 1977, with credit for partial disability benefits already paid.

At issue is whether the Commonwealth Court's decision was in error insofar as it was based upon a determination that a compensation agreement under which Cahill had previously received benefits, containing an apparent false statement, was null and void. The factual background of the case is as follows.

In 1972, Cahill suffered serious injuries including a fractured pelvis when he was injured in a rock slide during the course of his employment. Thereafter, he received temporary total disability benefits in the amount of $94.00 per week, periodically returning to work for brief periods. In 1979 he entered into an agreement with appellant, stating that he returned to work on March 5, 1977, and providing $79.67 per week for 500 weeks on the basis of continued loss of earning power attributable to partial disability. Pursuant to the agreement, benefits were paid retroactive to March 5, 1977 and continued until the 500 weeks expired on October 5, 1986.

On February 13, 1987, Cahill filed a petition seeking modification of the 1979 agreement or reinstatement of benefits alleging that his disability changed from partial to total on December 17, 1986. Appellant sought dismissal of the petition, alleging that the period of 500 weeks covered by the agreement had elapsed, and, therefore, that there was nothing left to be modified. A hearing was conducted before a referee. The referee declined to dismiss the petition, deeming it a petition for reinstatement rather than for modification, and ruling that it was timely since reinstatement of benefits could be sought within three years of the last payment of benefits. See 77 P.S. §§ 602, 772 (three-year limitation).

The referee made a finding that the 1979 agreement contained a false statement insofar as its recitation that Cahill returned to work on March 5, 1977. The veracity of the agreement was not, however, an issue raised by the parties or addressed in the hearing before the referee. Indeed, the only issue litigated in the hearing was whether Cahill's disability had worsened. To no extent did the referee indicate that there was a question as to whether the agreement was illegal or false. The referee's finding was apparently based solely upon Cahill's response to one question during direct examination, when, asked whether he had worked anywhere since 1972, Cahill replied in the negative. Cahill's reply was inaccurate, however, for it is undisputed that he actually did return to work for brief periods in 1973, late 1976, and early 1977.

Regarding the extent of his disability, Cahill testified that he was experiencing more pain from his injuries than he had in the past. Relying upon deposition testimony from Cahill's physician, however, the referee made a finding that the degree of Cahill's disability had not changed since March 5, 1977, and that the disability was partial rather than total. Nevertheless, the referee concluded that the existence of the false statement in the agreement relieved Cahill of the burden of showing that his disability had increased. Finding no evidence that work was available that Cahill could perform, the referee awarded benefits for total rather than partial disability. The award was made retroactive to October 6, 1986.

An appeal was taken to the Workmen's Compensation Appeal Board, whereupon the referee's award of benefits was reversed. The Board reasoned that, where modification or reinstatement of benefits is sought by a claimant, it is the claimant's burden to establish that his disability increased or recurred after the date of the prior award. *Cerny v. Schrader & Seyfried, Inc.,* 463 Pa. 20, 342 A.2d 384 (1975). Concluding that Cahill had not established any deterioration or recurrence in his disability, the Board held that he was not entitled to additional benefits. Indeed, the record, including the testimony of Cahill's own medical expert, provides ample support for the Board's determination that Cahill did not establish an increase in his disability. The referee likewise found that no increase in Cahill's disability had occurred.

An appeal was taken to the Commonwealth Court, whereupon the Board's decision was reversed. The Commonwealth Court ordered that benefits for total disability be paid, but, unlike the referee's award which dated such benefits from October 6, 1986, directed that the benefits be paid retroactive to March 5, 1977 with credit for partial disability payments made since that date. It held that, under 77 P.S. § 731 (compensation agreements), the 1979 agreement was null and void because it contained the false statement that Cahill returned to work on March 5, 1977. In short, the agreement was viewed as having falsely and improperly reduced Cahill's benefits from total to partial.

Appellant contends that the Commonwealth Court erred in declaring the agreement null and void, since Cahill never raised the issue of the agreement's validity and appellant never had an opportunity to be heard regarding that matter in the proceedings below. See generally *In re Upset Sale, Tax Claims Bureau of Berks County,* 505 Pa. 327, 479 A.2d 940 (1984) (procedural due process requirement of notice and opportunity to be heard). We agree.

The petition filed by Cahill seeking modification or reinstatement of benefits was on a standard form entitled, "Petition for Termination or Modification of Agreement or Award on Ground of Changed Disability" alleging that his status

changed from partial to total disability on December 17, 1986. Despite this generalized, all-encompassing title, the petition stated in the clearest of terms that Cahill sought to modify rather than terminate the agreement entered in 1979. Indeed, at the place on the petition where a choice was set forth as to whether the petitioner sought to terminate or modify the agreement, Cahill selected "modify" and crossed out the word "terminate." The petition clearly stated that the ground for the petition was an alleged increase in the extent of Cahill's disability.

Nevertheless, the Commonwealth Court concluded that, "[a]lthough the referee treated Claimant's petition as one for reinstatement . . . it is instead a petition seeking to review and set aside the supplemental agreement . . . on the basis of illegality." We have examined the petition and find that the Commonwealth Court's characterization is patently without basis. There is absolutely no indication in the petition that Cahill sought to set aside the agreement. Illegality of the agreement was never alleged. Cahill did not challenge the validity of the agreement in any manner, or even assert that the agreement included any false statements. He simply sought to obtain benefits based upon an alleged increase in his disability.

The Commonwealth Court erred, therefore, in viewing Cahill's petition as one seeking to set aside the 1979 agreement. The significance of this error was compounded by the fact that appellant never had notice that the validity of the agreement was to be adjudicated, and, indeed, has had no opportunity to be heard on the question of its validity. Thus, although it has long been the rule in workmen's compensation cases that the form of the petition filed is not controlling where the facts warrant relief, and that if a claimant is entitled to relief under provisions of the workmen's compensation statute not cited in the petition the petition will be considered as if filed thereunder, e.g., *Pittsburgh Press Co. v. Workmen's Compensation Appeal Board (Pecora)*, 82 Pa.Commw. 538, 475 A.2d 972 (1984), the present case was not one where the referee conducted the proceedings in a manner that permitted appellant,

or for that matter Cahill, to know that there was a determination being made as to whether the agreement contained false statements or that the validity of the compensation agreement was at stake. Hence, appellant was denied an opportunity to address the pivotal issue upon which liability was eventually determined.

While it might be argued that a remand to the referee would be warranted to allow appellant an opportunity to be heard upon the issue of the validity of the 1979 agreement, we do not believe that such a remedy would be appropriate. Cahill only sought to litigate the question of the extent of his disability. As to that issue, a full and fair hearing was held, and the referee and the Board agreed that Cahill did not establish that his disability had increased. To remand for a full hearing on the validity of the agreement would serve to litigate an issue that Cahill never raised. The Commonwealth Court erred in regarding Cahill's petition as one seeking to set aside the agreement, and a remand to determine the validity of the agreement would only serve to perpetuate that error.

In short, Cahill has not established that he is entitled to receive additional benefits. The order of the Commonwealth Court must, therefore, be reversed.

Order reversed.