### WESTINGHOUSE ELECTRIC CORPORATION/CBS, Appellant

v.

### WORKERS' COMPENSATION APPEAL BOARD (KORACH), Appellee.

Supreme Court of Pennsylvania.

Argued May 12, 2004.

Decided Sept. 29, 2005.

---

9. This Court previously considered waived claims in capital cases pursuant to the relaxed waiver doctrine. However, before Appellant filed his brief with this Court, we announced the general rule that the relaxed waiver doctrine would no longer apply to direct appeals of capital cases. *See Commonwealth v. Freeman,* 573 Pa. 532, 827 A.2d 385, 403 (2003) (holding that new rule that relaxed waiver doctrine generally will not apply to capital direct appeals will be applied only prospectively, "beginning with those capital direct appeals in which the appellant's brief has not yet been filed in this Court, and is not due for thirty days or more after today's decision," *i.e.,* May 30, 2003).

10. The Prothonotary of this Court is directed to transmit to the Governor's office a full and complete record of the trial, sentencing hearing, imposition of sentence and review by the Supreme Court pursuant to 42 Pa.C.S. § 9711(i).

Joseph A. Fricker, Jr., for Westinghouse Electric Corporation/CBS

Amber Marie Kenger, for Workers' Compensation Appeal Board.

Anthony W. DeBernardo, for William C. Korach.

Before: CAPPY, C.J., CASTILLE, NIGRO, NEWMAN, SAYLOR, EAKIN, BAER, JJ.

*OPINION*

Justice NEWMAN.

By Notice of Compensation Payable (NCP), Westinghouse Electric Corporation/CBS (Employer) accepted an injury sustained by William Korach (Claimant) on November 14, 1984, in the nature of a back sprain. In this, the most recent litigation, Employer appeals by allowance from an Order of the Commonwealth Court affirming an Order of the Workers' Compensation Appeal Board (Board) that affirmed in part and reversed in part the July 31, 2001 decision of a Workers' Compensation Judge (WCJ). Based on the following rationale, we reverse the Order of the Commonwealth Court.

*FACTS AND PROCEDURAL HISTORY*

Claimant worked in various positions for Employer from 1970 until 1984, notably as a shearman, coil former pull, fitter, material handler, and coil processor. On November 14, 1984, Claimant sustained a work related injury in the nature of a "back sprain." At the time of his injury, Claimant was employed as a coil processor; he sprained his back lifting a coil weighing in excess of one hundred pounds out of the presses.[1] On December 4, 1984, Employer issued an NCP acknowledging the specific work injury. In 1988, an independent medical examiner approved Claimant for sedentary or modified light-duty work. In 1989, another independent medical examiner noted inconsistencies between the complaints of Claimant and his physical examination, and recommended that Claimant return to work without restriction. Pursuant to a Supplemental Agreement, Claimant's benefits were reduced to partial disability effective November 16,

---

1. This is the only information regarding the specifics of Claimant's injury contained in the record before us.

1989, as work was available to him within his physical capabilities. Also on that date, Claimant and Employer executed the appropriate documents so that Claimant could petition the Board for a commutation of his wage loss benefits. Claimant preferred to accept partial disability rather than an offer of employment because he had other means of support. Accordingly, his partial disability compensation of $154.00 for 500 weeks was commuted to a lump sum payment of $77,000.00, by Order dated February 28, 1990. As part of the commutation proceeding, the parties stipulated that Employer would "remain responsible for payment of reasonable and necessary medical expenses related to Claimant's work injuries...." (Original Record, Stipulation: Proposed Findings of Fact; Conclusions of Law and Proposed Order, dated 24 January 1990, page 3.)

Between November 14, 1984 and mid–1989, Claimant alleged that he underwent a gradual personality change and that he became depressed, ignored his personal hygiene, and took little interest in his home, his wife, or his child. After nearly five years of disability and increasing levels of depression, Claimant's wife insisted that he see a psychiatrist and made the first appointment with Gerald Lisowitz, M.D. (Dr. Lisowitz). Critically, this occurred at approximately the same time that the commutation was being negotiated. Claimant saw Dr. Lisowitz from late 1989, some five years after the original injury, through sometime in 1999, when Dr. Lisowitz suffered severe heart problems and Claimant came under the care of Jonathan M. Himmelhoch, M.D. (Dr. Himmelhoch), his current treating psychiatrist. Although neither the Supplemental Agreement nor the Stipulation specifically referenced a psychiatric component to Claimant's 1984 work injury, Employer paid all of the bills arising out of Claimant's psychiatric care through August of 1998. Following a personnel change within Employer's risk insurer and subsequent internal review, Employer refused to continue these payments on the basis that they were not work related. Claimant then filed a Claim Petition on September 25, 1998, alleging that he suffered a psychiatric injury in the nature of depression that was precipitated by his 1984 back injury; the Petition sought payment of related medical bills as well as counsel fees, but did not request that the NCP be amended to reflect additional injuries. In its answer to the Claim Petition, Employer admitted only that Claimant suffered a work-related low back sprain on November 14, 1984, for which compensation was commuted in early 1990. Employer asserted that Claimant's claim of psychic injury was barred by Section 311, 77 P.S. § 631,[2] and the statute of limitations contained in Sections 315 and 413(a) of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §§ 602,[3]

2. Section 311 states in pertinent part:

Unless the employer shall have knowledge of the occurrence of the injury, or unless the employe or someone in his behalf, or some of the dependents or someone in their behalf, shall give notice thereof to the employer within twenty-one days after the injury, no compensation shall be due until such notice be given, and, unless such notice be given within one hundred and twenty days after the occurrence of the injury, no compensation shall be allowed.

77 P.S. § 631.

3. Section 315 contains the following pertinent language:

In cases of personal injury all claims for compensation shall be forever barred, unless, within two years after the injury, the parties shall have agreed upon the compensation payable under this article; or unless within two years after the injury, one of the parties shall have filed a petition as provided in article four hereof.... Where, howev-

772.[4] Furthermore, Employer complained that the Claim Petition should be treated as a Petition to Review Notice of Compensation Payable, also barred by Sections 311, 315, and 413(a).

By decision dated September 5, 2000, the WCJ granted the Claim Petition of Claimant, crediting the testimony of his treating psychiatrist, Dr. Himmelhoch, over that of Employer's medical expert. The WCJ also credited the testimony of Claimant and his wife, and rejected the argument of Employer that the Claim Petition was time barred. The WCJ concluded that payment of Claimant's psychiatric bills by Employer constituted payments in lieu of compensation that tolled the limitations period of Section 315, rendering the Claim Petition timely. The WCJ believed that the payment of medical bills for such a long period of time lulled Claimant into a false sense of security that this was reasonable medical care related to his work injury. Further, the WCJ ordered Employer to pay for Claimant's psychiatric care from 1998 into the future or until such time as that care was found to be unreasonable and unnecessary. Finally, Employer was ordered to pay the attorney's fees of Claimant, based upon an unreasonable contest.

The Board affirmed in part, vacated in part, and remanded the decision to the WCJ. It affirmed the finding of the WCJ that Claimant's Claim Petition was timely filed. The Board based this decision upon the tolling provision of Section 315, 77 P.S. § 602, due to payment by the Employer of Claimant's psychiatric expenses until mid–1998, relying on *Levine v. Workers' Compensation Appeal Bd. (Newell Corp.)* 760 A.2d 1209 (Pa.Cmwlth.2000), *petition for allowance of appeal granted and remanded,* 568 Pa. 594, 798 A.2d 1273 (2002). However, it vacated the award of attorney's fees and remanded the matter to the WCJ to render findings regarding the reasonableness of Employer's contest.

On remand, the WCJ held one hearing at which time counsel for Claimant testified and offered a statement of counsel fees. The WCJ reviewed the charges individually and, by decision dated July 31, 2001, the WCJ again awarded attorney's fees based upon an unreasonable contest. The WCJ noted that a report dated October 29, 1990, from Anne S. Valko, M.D., who examined Claimant on his behalf, indicated that Claimant was receiving psychiatric care from Dr. Lisowitz, and that such treatment should be continued. This led the WCJ to conclude that Employer's con-

er, payments of compensation had been made in any case, said limitations shall not take effect until the expiration of two years from the time of making of the most recent payment prior to date of filing such petition....

77 P.S. § 602.

4. The applicable language from Section 413(a) is:

A workers' compensation judge designated by the department may, at any time, modify, reinstate, suspend, or terminate a notice of compensation payable ... upon petition filed by either party with the department, upon proof that the disability of an injured employe has increased, decreased, recurred, or has temporarily or finally ceased, or that the status of any dependent has changed. Such modification, reinstatement, suspension, or termination shall be made as of the date upon which it is shown that the disability of the injured employe has increased, decreased, recurred, or has temporarily or finally ceased, or upon which it is shown that the status of any dependent has changed: Provided, That ... no notice of compensation payable, agreement or award shall be reviewed, or modified, or reinstated, unless a petition is filed with the department within three years after the date of the most recent payment of compensation made prior to the filing of such petition....

77 P.S. § 772.

test was unreasonable because Employer terminated payment of Claimant's psychiatric treatment without receiving a medical opinion supporting denial of payment. Pursuant to the terms of the commutation, the parties stipulated that Employer would "remain responsible for payment of reasonable and necessary medical expenses related to Claimant's work injuries. . . ."

The Board, in an Order dated August 15, 2002, affirmed that portion of the WCJ's decision granting the Claim Petition, but reversed that portion of the decision awarding attorney's fees. The Board agreed with Employer that its contest was reasonable as there was a definite statute of limitations issue raised in response to the filing of Claimant's Claim Petition.

In a published Opinion, a panel of the Commonwealth Court affirmed the Order of the Board. *Westinghouse Electric Co./ CBS v. Workers' Comp. Appeal Bd. (Korach)*, 829 A.2d 387 (Pa.Cmwlth.2003). The court indicated that, in its decision in *AT & T v. Workmen's Comp. Appeal Bd. (Hernandez)*, 707 A.2d 649 (Pa.Cmwlth. 1998), which it reaffirmed in *Jeanes Hospital v. Workers' Comp. Appeal Bd. (Haas)*, 819 A.2d 131 (Pa.Cmwlth.2003) (hereinafter *Jeanes Hospital I* ), it had warned claimants that they should file a Claim Petition, rather than a Review Petition, when seeking to amend an NCP to reflect conditions for which liability had not been accepted by the employer. The court reasoned that there was nothing in the Workers' Compensation Act (Act) [5] that permitted a claimant to challenge the denial of an NCP nor did it provide authority for any entity to add to the employer's admission. *AT & T*, 707 A.2d at 650 n. 2. The court acknowledged that the decisional law in this area is murky, noting a perceived dichotomy between *AT & T* and *Jeanes Hospital I* and the existing decisions in

*Commercial Credit Claims v. Workmen's Comp. Appeal Bd. (Lancaster)*, 556 Pa.325, 728 A.2d 902 (1999), and *Guthrie v. Workers' Comp. Appeal Bd. (Keystone Coal Co.)*, 767 A.2d 634 (Pa.Cmwlth.2001). However, the court declined to address any perceived conflicts in the decisional law in favor of applying contract principles to resolve this dispute. The court reasoned that a commutation is an agreement between the parties terminating compensation liability on the part of the employer. In the present matter, the court agreed with the WCJ that Employer lulled Claimant into a false sense of security after the commutation by tendering payment of Claimant's psychiatric bills. Based on this conclusion, the court held that Employer was estopped from raising a statute of limitations defense. According to the court, it was immaterial whether a Claim Petition or Review Petition was filed where Employer either intentionally or unintentionally misled Claimant into believing that his psychiatric problem was covered.

In the alternative, the court decided that, by filing a Claim Petition, Claimant was actually seeking to enforce the 1990 commutation. In coming to this conclusion, the court interpreted the commutation award as a contract between the parties, which included Employer's acceptance of its responsibility for Claimant's psychiatric treatment. The court then applied Section 202 of the Restatement (Second) of Contracts (1981), with particular emphasis on the following language:

(4) Where an agreement involves repeated occasions for performance by either party with knowledge of the nature of the performance and opportunity for objection to it by the other, any course of performance ac-

**5.** Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1041.4; 2502–2626.

cepted or acquiesced in without objection is given great weight in the interpretation of the agreement.

(5) Wherever reasonable, the manifestations of intention of the parties to a promise or agreement are interpreted as consistent with each other, and with any relevant course of performance, course of dealing, or usage of trade.

Applying these precepts, the court noted that the course of performance for almost eight years was for Claimant to submit his psychiatric bills to Employer, and for Employer to pay them. Finding that the course of conduct of the parties reflected an acceptance by Employer that its obligation to continue to pay Claimant's "reasonable and necessary medical expenses" included an obligation to pay for Claimant's psychiatric treatment, the court determined that "Employer's unilateral refusal to continue making those payments after August of 1998 was contrary to the terms of the 1990 commutation agreement" and that "[b]ecause Employer breached its promise under the commutation agreement, the WCJ properly ordered the NCP amended...." *Westinghouse Electric*, 829 A.2d at 393–94.

■ We granted allowance of appeal to Employer, which raised the following issues for our review.[6] Employer challenges the use of estoppel by the Commonwealth Court, particularly as Claimant failed to raise the defense. It continues to assert that Claimant's Claim Petition was time-barred and that the proper form of the petition is a Petition for Review. Finally, Employer contends that contract principles are inapplicable to a commutation.[7]

## DISCUSSION

### I. Equitable Estoppel

■ Employer complains that, despite the fact that Claimant failed to properly raise and plead equitable estoppel, the Commonwealth Court applied the doctrine *sua sponte* to determine that it was estopped from asserting the untimeliness of Claimant's Petition. Employer argues that Claimant has waived his equitable estoppel defense to Employer's statute of limitations argument, relying upon the decisions of this Court in *Rox Coal v. Workers' Comp. Appeal Bd. (Snizaski)*, 570 Pa.60, 807 A.2d 906 (2002), and *Cahill v. Workmen's Comp. Appeal Bd. (North American Coal Corp.)*, 533 Pa.223, 621 A.2d 101 (1993), for the proposition that the doctrine of waiver is applicable in workers' compensation proceedings.

In *Rox Coal*, Randy Snizaski, a coal mine superintendent, died in a vehicle accident on his way to work in a company-supplied vehicle. His widow filed a Claim Petition asserting entitlement to workers' compensation benefits. Rox Coal raised two defenses: 1) Snizaski's violation of vehicle laws, and 2) the violation of its company vehicle policy. The WCJ denied and dismissed the fatal Claim Petition, but the Board reversed. Rox Coal simultaneously filed a Petition for Reconsideration and an appeal with the Commonwealth Court. On

---

6. Throughout the prior proceedings, Employer included the notice provisions of Section 311, 77 P.S. § 631, in its timeliness challenge. However, Employer did not choose to discuss this aspect in its brief to this Court and we leave notice requirements to another day.

7. Appellate review of a workers' compensation Order is limited to determining whether a constitutional violation or error of law occurred, and whether substantial evidence supports the necessary findings of fact. *Commercial Credit Claims*, 728 A.2d at 903. Employer does not allege a constitutional violation, but does contend that all previous tribunals have committed an error of law.

reconsideration, Rox Coal argued that the 1993 amendments to the Act eliminated the traveling exception to the going and coming rule.[8] The Board held that this defense was waived for failure to raise it before the WCJ. On appeal from an affirmance by the Commonwealth Court, this Court also concluded that Rox Coal had waived its 1993 amendment claim by failing to raise it prior to its appeal. *See also Cahill* (deciding that claimant had waived the issue of the agreement's validity because it was never raised before the WCJ and employer never had an opportunity to be heard on the matter). Unlike *Rox Coal* and *Cahill,* Claimant articulated the equitable estoppel defense before the WCJ at the hearing held on April 7, 1999. (Hearing transcript dated April 7, 1999 at 10.) Claimant correctly notes in his argument to this Court that he was not required to raise an equitable estoppel defense until Employer raised the statute of limitations. As a general rule, a claimant would then amend his or her Petition to reflect the additional issue now before the WCJ, though this is not required by statute.

The WCJ also recognized that Claimant was raising the issue of whether Employer had lulled Claimant into a false sense of security. *Id.* Thus, Employer was reasonably put on notice that the WCJ believed that Claimant was pleading equitable estoppel. As a point of fact, Employer argued the merits of this defense to the WCJ at the hearing conducted on October 27, 1999. Although Claimant never amended his Petition to include equitable estoppel, both parties and the WCJ conducted matters as if this were the case and, unlike

cases in which an issue is never raised, waiver is not clearly established in the instant matter.

 Equitable estoppel arises in the workers' compensation arena when an employer, "by [its] acts, representations, or admissions, or by [its] silence when [it] ought to speak out, intentionally or through culpable negligence induces another to believe certain facts to exist and such other rightfully relies and acts on such belief, so that he will be prejudiced if the former is permitted to deny the existence of such facts." *In re Estate of Tallarico,* 425 Pa. 280, 228 A.2d 736, 741 (1967). *Accord Northwestern Nat'l Bank v. Commonwealth,* 345 Pa. 192, 27 A.2d 20 (1942). The essential elements of estoppel are "an inducement by the party sought to be estopped to the party who asserts the estoppel to believe certain facts to exist—and the party asserting the estoppel *acts in reliance on that belief.*" *Blofsen v. Cutaiar,* 460 Pa. 411, 333 A.2d 841, 844 (1975) (emphasis in original). It is well established that "in order for the Claimant to avail [himself] of estoppel under the Act, [he] must prove that the [actions] relied on must have reasonably lulled [him] into a false sense of security...." *Workmen's Comp. Appeal Bd. v. Niemann,* 24 Pa. Cmwlth. 377, 356 A.2d 370, 373 (1976). We have also indicated that, "in the absence of expressly proved fraud, there can be no estoppel based on the acts or conduct of the party sought to be estopped, where they are as consistent with honest purpose and with absence of negligence as with their opposites." *Tallarico,* 228 A.2d at 741. Finally, we specifically stated that

---

**8.** Pursuant to what has become known as the going and coming rule, "an employer is not liable to the employee for compensation for injuries received off the employer's premise while the employee is traveling to or from work." *Biddle v. Workmen's Comp. Appeal Bd. (Thomas Mekis & Sons, Inc.),* 539 Pa.343, 652 A.2d 807, 808–09 (1995). Four exceptions to this rule have previously been recognized: (1) employment contract that includes transportation (traveling exception); (2) no fixed place of work; (3) special mission on behalf of employer; and (4) special circumstances in furtherance of employer's business.

"[w]here there is no concealment, misrepresentation, or other inequitable conduct by the [employer], a [claimant] may not properly claim that an estoppel arises in his favor from his own omission or mistake." *Id.* Claimant bears the burden of proving the elements of equitable estoppel.

In the case *sub judice*, Claimant began to see Dr. Lisowitz sometime in 1989.[9] At that same point in time, Claimant had undergone two independent medical examinations that revealed that he could return to work in a limited duty status. Concurrently, the parties were negotiating to have Claimant's partial disability benefits commuted to a lump sum and Claimant filed a Petition for Commutation on November 29, 1989. The commutation award was accomplished by Order dated February 28, 1990, and required Employer to remain responsible for medical treatment. However, Claimant never testified that he was lulled into believing that Employer had accepted responsibility for his psychiatric treatment or produced documentation to show that Employer had constructive notice of the relationship. There is no indication in the record as to when the initial bills for Dr. Lisowitz's treatment arrived in 1989, or were paid by Employer, albeit Employer did pay those bills in regular course. However, there is nothing in this activity, nor was there evidence adduced, to indicate that Employer paid these psychiatric bills in an attempt to induce Claimant to omit filing a Petition to add his psychiatric infirmity to its NCP. There is no "concealment, misrepresentation, or inequitable conduct" by Employer in the payment of these bills and Employer's conduct is "as consistent with honest purpose and with absence of negligence as with their opposites." While there is some case law that an employer's unintentional conduct may be held to invoke the doctrine of equitable estoppel,[10] our review of this record fails to rise to the level necessary to allow the application of equitable estoppel. The facts in this case differ from those in *Sharon Steel* where the Commonwealth Court offered a selection of cases for which the application of equitable estoppel is appropriate. *See, e.g., Bethlehem Steel Corp. v. Workmen's Comp. Appeal Bd. (Krause)*, 77 Pa.Cmwlth.420, 465 A.2d 1342 (1983) (employer that substituted unemployment compensation payments for workers' compensation payments); *M. Gordon & Sons, Inc. v. Workmen's Comp. Appeal Bd.*, 14 Pa.Cmwlth. 288, 321 A.2d 396 (1974) (employer who informs a claimant that papers have been filed and were being processed); and *Mucha v. M.L. Bayard & Co.*, 177 Pa.Super. 138, 108 A.2d 925 (1955) (indications by employer that surgery would be "taken care of."). Here, Employer merely paid the bills submitted to it by one of its injured employees for which it was already compensating medical treatment. Nothing exists in the record to demonstrate that Employer attempted to lure Claimant into thinking that psychiatric treatment was included within its sphere of responsibility. Nor is there anything in the conduct of Employer that would have prevented Claimant from filing a Petition to amend the NCP. Accordingly, the Commonwealth Court erred in finding that the doctrine of equitable estoppel served to toll the limitations period.

## II. *Form of the Petition*

■ Employer has steadfastly maintained that the proper filing in this matter

---

9. There is nothing in the record to indicate the date when Claimant had his first appointment with Dr. Lisowitz, except that it was sometime in 1989.

10. *See, e.g., Sharon Steel Corp. v. Workmen's Compensation Appeal Bd. (Myers)*, 670 A.2d 1194, 1200 (Pa.Cmwlth.1996) (citing *Thorn v. Strawbridge & Clothier*, 191 Pa.Super. 59, 155 A.2d 414 (1959)).

is a Petition to Review Notice of Compensation Payable and that the Claim Petition of Claimant is time barred. Employer argues that, in affirming the decision of the WCJ, the Commonwealth Court held that, whether Claimant's petition was governed by Section 315 or by Section 413(a) was inconsequential as the doctrine of equitable estoppel barred Employer from asserting the lack of timeliness of Claimant's claim. Employer contends that, even if Claimant properly raised and pled the doctrine of equitable estoppel, the Commonwealth Court committed reversible error by failing to determine the applicability of Section 315 or Section 413(a) to the Petition filed by Claimant. As we have determined that the doctrine of equitable estoppel does not apply in this instance to bar Employer's use of a statute of limitations defense, we turn to a decision on the merits of this claim.

Section 315 governs the filing of a Claim Petition and states that "all claims for compensation shall be forever barred, unless, within three years after the injury, the parties shall have agreed upon the compensation payable ... or unless within three years after the injury, one of the parties shall have filed a petition as provided in article four hereof." 77 P.S. § 602. The time restrictions set forth in Section 315 act as a statute of repose unless tolled by specific conduct of the employer. *Schreffler v. Workers' Comp. Appeal Bd. (Kocher Coal Co.)*, 567 Pa. 527, 788 A.2d 963, 969 (2002).[11] In the instant matter, the work-related injury occurred on November 14, 1984. If, as the Commonwealth Court has held, a claim petition must be filed to add additional injuries to an NCP, then the statute of repose for this injury expired as of November 13, 1987. Clearly, Claimant did not begin psychiatric treatment until mid to late 1989. Employer could not have lulled Claimant into a false sense of security when the limitations period expired, thus tolling its provisions, because it had not yet begun to pay for the very treatment at issue. Claimant did not file his Claim Petition until September of 1998.

Claimant is essentially asserting that he is required to file a Claim Petition within three years of the diagnosis of each new condition related to the original work injury. *See AT & T; Jeanes Hospital I.* This is neither consistent with the Act nor with the decisions of this Court in *Jeanes Hospital v. Workers' Comp. Appeal Bd.(Haas)*, 872 A.2d 159 (Pa.2005) (hereinafter *Jeanes Hospital II*) and *Commercial Credit Claims.* In *Commercial Credit Claims*, this Court stated that "claimant's subsequently alleged psychiatric injuries could

---

11. A statute of limitations is procedural and extinguishes the remedy rather than the cause of action. A statute of repose, however, is substantive and extinguishes both the remedy and the actual cause of action. Generally, the critical distinction in classifying a statute as one of repose or one of limitations is the event or occurrence designated as the "triggering" event. In a workers' compensation claim, the common triggering event for statute of limitations purposes is the disability of the employee, which defines the accrual of the action. That is the point at which all the elements of the action have coalesced, resulting in a legally cognizable claim. *Vargo v. Koppers Co.*, 552 Pa. 371, 715 A.2d 423 (1998).

A statute of repose, however, typically sets the triggering event as something other than the point at which the cause of action arises. Within the workers' compensation scheme, the common triggering event is the work-related incident/injury, regardless of whether disability results at that time. *Id.* Thus, a statute of repose may also prevent the accrual of a cause of action where the final element necessary for its creation occurs beyond the time period established by the statute. At the end of the time period specified in the statute, the cause of action ceases to exist, unless the claimant can bring himself within any tolling provision enunciated in that statute.

have formed the predicate for compensation under the Act only if the Notice of Compensation payable was first properly modified in accordance with [Section 413(a)], *supra*, to reflect the employer's increased liability for these distinct injuries." *Commercial Credit Claims*, 728 A.2d at 904.

Our recent decision in *Jeanes Hospital II*, addressed the issue of whether the proper filing to supplement an NCP for additional injuries is a claim petition or a review petition. There, an intensive care nurse was injured while attempting to relocate a ventilator-dependent patient. Her employer accepted the injury as one to her "low back." Nearly four years after the injury, the employer's physician certified her full recovery, and the employer filed a Petition to Suspend/Terminate Benefits. The claimant then filed a Petition to Review Compensation Benefits pursuant to Section 413(a) seeking to amend the NCP to reflect additional physical and mental injuries. The WCJ granted her Petition to Review, and the Board affirmed. The Commonwealth Court reversed concluding that, for Section 413(a) to apply, a material mistake in the NCP must exist at the time that the NCP was issued and that the claimant was required to file a Claim Petition pursuant to Section 315 and its decision in *AT & T*. Applying the content of footnote two in *AT & T*,[12] the court opined

that a claim petition must be filed. *AT & T.*, 707 A.2d at 650 n. 2. Notwithstanding the fact that the filing of a claim petition functions essentially as an appeal from an NCP denial and that a WCJ has the authority to amend an NCP to reflect additional injuries for which the employer becomes responsible, we dispelled the notion that a claim petition must be filed in order to add further injuries to an NCP, either arising at the time of the work-related incident or flowing from the recognized work-related injury. Thus, we reversed the decision of the Commonwealth Court in *Jeanes Hospital I*, reiterating that Section 413(a) of the Act provides the appropriate procedure to amend an NCP to add related injuries. The only decision that could create possible confusion is *Schreffler*, where there was more than one work-related incident.

In *Schreffler*, the employee had sustained two distinct work-related injuries on two different occasions. The employer accepted the second injury, a physical injury to the employee's back, as compensable. The first injury, a psychic injury based on the removal of the bodies of dead co-workers from a mine accident, had not been accepted as compensable by the employer even though the employer had paid the psychiatric treatment expenses of its employee for more than a decade. It was uncontested that the injuries were not re-

12. The footnote from *AT & T*, which has frequently been quoted to substantiate the position that a claim petition must be filed in order to amend an NCP, states in part:

We note that the [Act] makes no provision for a claimant to amend a notice of compensation payable to include an additional injury *not admitted to by the employer* at the time the employer initially issued the notice of compensation payable. A notice of compensation payable is not an agreement between the parties, but, rather, is a voluntary admission by the employer; in an effort to avoid litigation, the employer ad-

mits responsibility, and assumes liability, for the employee's injury as specifically described in the notice of compensation payable. Because there is no right to appeal from a notice of compensation denial, and because there exists no authority that would permit any entity other than the employer itself to add to the employer's admission in the notice of compensation payable, Claimant here should have filed a claim petition in order to receive benefits for the hip injury which he alleges also resulted from his April 8, 1989 work incident.

*AT & T*, 707 A.2d at 650 n. 2.

lated. When the employer ceased voluntarily paying the employee's psychological expenses, the employee filed a Review Petition pursuant to Section 413(a).

This Court determined that this was a new claim, independent of the back injury; and that the employee in *Schreffler* was not seeking the amendment of an NCP, but acceptance of a new and different injury. We held that Section 315 rather than Section 413(a) governed the petition. We further concluded that payment of medical expenses could toll the statute of repose contained in Section 315 in an appropriate case and that, because the Claim Petition was filed within three (3) years from the date of the last payment of medical expenses, the Petition in *Schreffler* was timely.

As reflected in our most recent decision in *Jeanes Hospital II*, the appropriate filing to amend an NCP to add additional injuries is a Petition to Amend Notice of Compensation Payable pursuant to Section 413(a). In the case *sub judice*, Employer accepted liability for the work-related incident and issued an NCP. The filing of a Claim Petition pursuant to Section 315 was unnecessary and erroneous, particularly as Claimant was alleging that his psychiatric condition arose as a direct result of his work-related back injury. Accordingly, as indicated by the present facts and our decisions in *Jeanes Hospital II* and *Commercial Credit Claims*, Employer is correct that Section 413(a) governs this matter and Claimant made an incorrect filing.

■ The Board, as affirmed by the Commonwealth Court, cited footnote two of *AT & T* for, *inter alia*, the proposition that the form of the petition is not controlling when a claimant is entitled to relief. This principal had its genesis in *Johnson v. Jeddo Highland Coal Co.*, 99 Pa.Super. 94 (1930), wherein the Superior Court noted that strictness of pleadings is inapplicable

within a workers' compensation matter, and also in Section 111.44(c) of the Referee's Rules, which stated that "a [workers' compensation judge] or the Board may grant a claimant relief notwithstanding that the claimant either filed an inappropriate pleading or failed to amend that pleading[,] provided that the record supports the relief the claimant would properly be entitled to." *General Refractories Co. v. Workmen's Comp. Appeal Bd. (Wright)*, 535 Pa.306, 635 A.2d 120 (1993). In *General Refractories*, this Court affirmed an award of fatal claim benefits under the Workmen's Compensation Act that was filed by the claimant in that case under the Occupational Disease Act. The Court remarked that the workers compensation scheme is remedial in nature and has the intended purpose of being liberally construed to effectuate humanitarian objectives. There we stated:

What is similar in all of these cases is the authority of the [workers' compensation judge] to evaluate the evidence and award the appropriate benefits notwithstanding the claimant's error in identifying the basis of his claim. In these cases, no one disputed that a claim had been proven, only that the correct section of the particular Act had not been cited.

*Id.* at 123. There, the Court observed that General Refractories filed an answer that demonstrated that it was well aware that the claimant could proceed under the Workmen's Compensation Act. The Court noted that, in its suggested findings and conclusions, General Refractories couched its request in terms applicable to worker's compensation claims rather than occupational disease claims. Thus, because there were no time limitations to deprive the tribunal of jurisdiction, and because the employer considered the possibility of resolution under the Workmen's Compensa-

tion Act and proceeded accordingly, the Court reversed the Order of the Commonwealth Court and affirmed the award of fatal claim benefits. However, as noted in *General Refractories*, Section 111.44 was repealed in March of 1991, and has not been repromulgated.

The Commonwealth Court has continued to follow this precept on the basis that it satisfies the humanitarian purpose of the Act, the alternate basis for initially establishing this principal. We must therefore examine whether Claimant could obtain relief if the Petition filed was treated as one filed pursuant to Section 413(a).

Employer has consistently argued that the correct filing is a Petition to Amend Notice of Compensation Payable, which is equally unavailing for Claimant under these facts. Section 413(a) states that "[a] workers' compensation judge designated by the department may, at any time … modify … a notice of compensation payable … upon petition filed by either party with the department, upon proof that the disability of an injured employe has increased … Provided, That, … no notice of compensation payable … shall be reviewed, or modified, or reinstated, *unless a petition is filed with the department within three years after the date of the most recent payment of compensation made prior to the filing of such petition.*" 77 P.S. § 772 (emphasis added). Further, Section 306(f.1)(9), 77 P.S. § 531(9), specifically states that "payment by an insurer or employer for any medical, surgical or hospital services or supplies after any statute of limitations provided for in this act shall have expired shall not act to reopen or revive the compensation rights for purposes of such limitations." Thus, a critical distinction exists between the statute of repose present in Section 315, where the employer's liability has not yet ripened, and the statute of limitations of Section 413(a), where employer's liability has been established. Pursuant to the former section, payment of medical expenses and/or wage loss benefits as payments in lieu of compensation may toll the time limitations of Section 315. *Schreffler.* Conversely, however, pursuant to the latter, liability is established and medical expenses and wage loss benefits are then considered separately. 77 P.S. § 531(9). The parties were granted a commutation award by Order dated February 28, 1990. Because Section 306(f.1)(9) precludes the tolling of the limitations period of Section 413(a) by payments for medical treatment, the statute of limitations for amending the NCP expired on February 27, 1993. Claimant failed to file any petition at all, much less in proper form, until September of 1998 and it was, therefore, untimely.

### III. Contract Principles

As an alternate theory, the Commonwealth Court styled the Claim Petition as a mechanism by which Claimant sought to enforce the 1990 commutation order and subsequently applied Section 302 of the Restatement (Second) of Contracts to determine that Employer had implicitly accepted responsibility for Claimant's psychiatric injury. The court applied contract principles in concluding that Employer had virtually breached a contract calling for payment of Claimant's psychiatric treatment. We cannot subscribe to this position.

In *Dudas v. Pietrzykowski*, 578 Pa. 20, 849 A.2d 582, 584 n. 3 (2004), this Court articulated the difference between a commutation order and a compromise and release agreement. There we said: "While a compromise and release is the result of an agreement of the parties, a request for commutation is directed to the [Board] for determination." Thus, Employer is correct that there is no "commutation agreement" *per se,* but a quasi-judicial order.

In *Drake v. Drake,* 555 Pa. 481, 725 A.2d 717, 719 n. 2 (1999), we noted that "[a] commutation award substitutes one form of payment for another" and that "[c]ommutation may be effected by private agreement, but it is usually done under a statute." Employer correctly states that there is no "contract" between the parties for it to violate. A commutation is an award, reflected by an order of the Board.[13] In determining whether to make such an award, the Board considers the stipulation of the parties as well as the best interests of all concerned to arrive at a conclusion. If Claimant wished to "enforce the commutation," that is, if his intent was only to require that Employer reimburse the psychiatric treatment expenses referred to in the commutation Order, he should have filed a Penalty Petition pursuant to Section 435 of the Act, 77 P.S. § 991. It is significant, we believe, that Claimant recognized that Employer had not acknowledged his psychiatric problems in that he filed a Claim Petition. Nowhere in his Claim Petition does he request that the NCP be amended to reflect additional injuries. While we are not prepared to say that contract principles are inapplicable in workers' compensation proceedings, we do hold that they are not applicable to a commutation award.

## IV. CONCLUSION

In summary, we observe that, when the employer has not accepted an initial work-related injury, a claim petition must be filed within three years of the date of injury. 77 P.S. § 602. That claim petition forms the basis for all injury claims that arise from the work incident, whether there was a material misstatement at the time that an NCP was issued or whether a subsequent emotional or physical condition flows from the original injury. 77 P.S. § 411, *Jeanes Hospital II.* When a claimant sustains additional injuries that result from the original harm, a timely petition must be filed to add the injuries to those for which the employer is already responsible. 77 P.S. §§ 771, 772, 773. When such a petition is filed, the WCJ must treat the respective burdens of the parties as if the review petition were an original claim petition. 77 P.S. § 773. While a certain logic existed within the Commonwealth Court's line of cases, particularly *AT & T,* because the employer had not accepted liability for problems that are not included in the NCP, the provisions of the Act do not support this interpretation. Moreover, by limiting claimants, who need to add additional injuries, to the three-year period following the date of the compensable injury, the Commonwealth Court has fostered a harsh result that is inconsistent with the humanitarian objectives of the Act.

Accordingly, the Order of the Commonwealth Court is reversed.

Justice EAKIN files a concurring opinion.

Justice SAYLOR files a dissenting opinion in which Justice NIGRO and BAER join.

Justice EAKIN, Concurring.

While I dissented in *Jeanes Hospital v. Workers' Comp. Appeal Bd. (Hass),* 872 A.2d 159 (Pa.2005), the majority of my colleagues were of the opposite position, making that the law of the Commonwealth; hence I join the Majority Opinion herein.

---

**13.** Department of Labor and Industry regulations require that a Petition for Commutation include: (1) a copy of the NCP; (2) an affidavit, stipulation, or agreement of the parties intended to form the basis for the commutation; and (3) a sample order. 34 Pa.Code § 111.33.

Justice SAYLOR, Dissenting.

I agree with the majority that, under *Jeanes Hospital v. WCAB (Hass)*, 582 Pa. 405, 872 A.2d 159 (2005), Claimant's petition should be treated as in the nature of a petition for review under Section 413(a) of the Workers' Compensation Act, 77 P.S. § 772. I respectfully differ, however, with its holding enforcing the statute of limitations set forth in that provision to preclude the relief awarded by the workers' compensation judge in this case. Instead, I would affirm the Commonwealth Court's decision to invoke equitable principles to preclude enforcement of such limitation solely with respect to a claim pertaining to a defined category of medical expenses that Employer paid throughout the statutory limitations period (and for an additional five years), with the plain implication that such payment was pursuant the express terms of a commutation order mandating that "Defendant/Employer will remain responsible for payment of reasonable and necessary medical expenses related to the claimant's work-related injuries as required by the terms of the Pennsylvania Workers' Compensation Act." R.R. at 248a. As the Commonwealth Court observed, such result is consistent with previously prevailing precedent. *See, e.g., WCAB (Reedy) v. SWIF*, 22 Pa.Cmwlth. 498, 505, 349 A.2d 920, 924 (1976) (stating that "the employer or its carrier may be estopped from raising [the Section 413(a) statute of limitations defense] if their actions, or the action of either of them, have intentionally or unintentionally caused the claimant to believe that his claim would be attended to"). While the majority relies on Section 306(f.1)(9) of the Act, 77 P.S. § 531(9), to foreclose an award of such benefits, Section 306(f.1)(9) speaks to reviving an expired entitlement to benefits based upon gratuitous or mistaken payments made after the expiration of an applicable statute of limitations, not to the fact of payments made within the limitations period, such as occurred here. *See id.* ("The payment by an insurer or employer for any medical, surgical or hospital services or supplies *after any statute of limitations provided for in this act shall have expired* shall not act to reopen or revive the compensation rights for purposes of such limitations." (emphasis added)).

Justice NIGRO and JUSTICE Baer join this dissenting opinion.