IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Charles B. Keffer,                          :
                        Petitioner          :
                                            :
        v.                                  :  No. 1110 C.D. 2022
                                            :
Colfax Corporation and Phoenix              :
Insurance Company (Workers'                 :
Compensation Appeal Board),                 :
                        Respondents         :  Submitted:  April 6, 2023

BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE ELLEN CEISLER, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE CEISLER                                    FILED:  August 11, 2023

        Charles B. Keffer (Claimant) petitions this Court for review of the September 13, 2022 order of the Workers' Compensation Appeal Board (Board) affirming the decision of a workers' compensation judge (WCJ), which denied and dismissed Claimant's review and reinstatement petitions as untimely under Section 413(a) of the Workers' Compensation Act (Act),[1] as they were filed more than three years after the date Claimant last received compensation under the Act.  The issues before this Court are whether Colfax Corporation and Phoenix Insurance Company (collectively, Employer) were responsible for notifying Claimant of the date upon which the three-year statute of repose in Section 413(a) would expire, and whether

_____

        [1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 772.  Section 413(a) of the Act, 77 P.S. § 772, relevantly provides that a WCJ may, at any time, modify or reinstate a notice of compensation payable (NCP), or an agreement or award of workers' compensation benefits, provided that a petition is filed with the Department of Labor and Industry "within **three years after the date of the most recent payment of compensation** made prior to the filing of such petition."  *Id.* (emphasis added).

the statute of repose should be tolled by the doctrine of equitable estoppel. After review, we affirm.

## I. Background

The underlying facts in this matter are undisputed. Claimant suffered a right low back strain on December 18, 2014, after lifting a box of metal welding rods. Reproduced Record (R.R.) at 157a, 305a. Employer issued a Notice of Temporary Compensation Payable (NTCP) on January 14, 2015, accepting liability for Claimant's work injury. *Id*. at 305a. Claimant received partial wage loss benefits until he returned to full-duty work on March 9, 2015. R.R. at 145a-47a, 277a. On March 12, 2015, Employer issued a Notice Stopping Temporary Compensation (NSTC) and a medical-only Notice of Compensation Payable (NCP), which specified that Claimant would no longer receive wage loss benefits, but that Employer accepted liability for Claimant's work-related medical expenses. *Id*. at 204a, 317a. Claimant's lower back symptoms recurred in 2017 and, on April 11, 2018, Claimant underwent a discectomy to treat a herniated disc at L5-S1. *Id*. at 152a-54a. Claimant and Employer executed a Supplemental Agreement for Compensation (Supplemental Agreement) on April 23, 2018, acknowledging that Claimant's disability had recurred, and that he would receive total disability benefits, effective April 11, 2018. *Id*. at 311a-16a. A second Supplemental Agreement was executed on June 29, 2018, after Claimant returned to work with no further loss of wages. R.R. at 308a.

On May 14, 2021, Claimant filed petitions seeking reinstatement of his total disability benefits, a review of his medical treatment and medical bills, and an amendment to the description of his work injury to include L5-S1 disc herniation. R.R. at 6a. Employer denied the allegations and argued that Claimant's petitions

2

were time-barred, as they had not been filed within three years of Claimant's last payment of compensation. *Id.* at 12a, 15a, 18a. The parties agreed that the WCJ would render a decision on the timeliness of Claimant's petition before addressing the merits thereof.

In a decision circulated on December 1, 2021, the WCJ held that Claimant's petitions were untimely, as the statute of repose in Section 413(a) of the Act, 77 P.S. § 772, bars the amendment of a work-injury description after three years following the last payment of wage loss benefits, and Claimant's wage loss benefits ceased following issuance of the medical-only NCP on March 12, 2015. *Id.* at 76a, 81a. Thus, Claimant's May 14, 2021 review and reinstatement petitions were filed more than three years after Claimant's last payment of wage loss benefits. *Id.* at 81a. The April 23, 2018 Supplemental Agreement did not toll the three-year statute of repose in Section 413(a), as it had already expired when the Supplemental Agreement was executed. *Id.* at 80a. The WCJ rejected Claimant's argument that Employer's failure to notify Claimant of the date upon which the statute of repose would expire should toll the three-year limitations period, as Employer had no duty to advise Claimant in that regard. *Id.* at 81a. Furthermore, Claimant had not proven that Employer engaged in conduct that "lulled Claimant into a false sense of security regarding the need to file his [petitions] in a timely manner." *Id.* Accordingly, the WCJ denied and dismissed Claimant's petitions as untimely, having been filed after the statute of repose expired. *Id.* at 83a. Claimant appealed to the Board, which affirmed.

## II. Issues

On appeal,[2] Claimant argues that Employer should be held responsible for notifying Claimant when the three-year statute of repose in Section 413(a) of the Act would expire. Claimant also argues that Employer should have been equitably estopped from raising the statute of repose in Section 413(a) as a defense to Claimant's review and reinstatement petitions.

## III. Discussion

### A. Statute of Repose under Section 413(a)

First, we address whether Employer had an obligation to notify Claimant prior to the expiration of the three-year statute of repose in Section 413(a). Claimant does not cite any legal authority to support his argument. Rather, he relies on the specific facts of this case. In that regard, Claimant testified that he notified Employer in 2017 that his lower back symptoms had recurred and that his treating physician recommended surgery. R.R. at 149a-150a, 152a. At that time, Employer's claims adjuster scheduled an independent medical examination (IME) for January 16, 2018, a date which Claimant maintains fell outside the three-year limitations period in Section 413(a). Claimant asserts that Employer did not advise Claimant of this fact, and Claimant "had no reason to seek legal advice" or know that he should take action "to protect his" compensation rights.[3] Claimant's Br. at 15-16. Claimant contends that he relied on Employer for medical treatment related to his work injury and that,

---

[2] This Court's review is limited to determining whether the necessary findings of fact were supported by substantial evidence, constitutional rights were violated, or errors of law were committed. *Borough of Heidelberg v. Workers' Comp. Appeal Bd. (Selva),* 928 A.2d 1006, 1009 (Pa. 2007). Where the issue presented involves a question of law, our standard of review is *de novo* and our scope of review is plenary. *Id.*

[3] It is not clear whether Claimant obtained legal counsel prior to filing his review and reinstatement petitions.

4

"in line with the humanitarian purposes of the [Act,]" Employer should have notified Claimant that the three-year limitations period would expire on December 18, 2017. *Id.*

We reject Claimant's argument for several reasons. At the outset, Claimant has not denied that his petitions were filed more than three years after his last payment of compensation and were, therefore, untimely under Section 413(a) of the Act.[4] Furthermore, Claimant appears to misapprehend the date upon which the statute of repose expired. Given that Claimant received wage loss benefits pursuant to the January 14, 2015 NTCP until March 12, 2015, when Employer issued the NSTC and medical-only NCP, Claimant's petitions were time-barred as of March 12, 2018, not December 18, 2017. Thus, the January 16, 2018 IME occurred *prior to* expiration of the three-year statute of repose. Simply put, Employer had no reason to believe the January 16, 2018 IME would run afoul of the statute of repose in Section 413(a), as the three-year limitations period would not expire until March 12, 2018.[5] Finally, as the WCJ noted, Employer was under no legal obligation to notify

_____

[4] An employer's payment of medical expenses does not toll the statute of repose in Section 413(a). Section 306(f.1)(9) of the Act, 77 P.S. § 531(9), states that "payment by an insurer or employer for any medical, surgical or hospital services or supplies after any statute of limitations provided for in [the Act has] expired shall not act to reopen or revive the compensation rights for purposes of such limitations."

[5] Claimant appears to conflate the statute of repose in Section 413(a) with a similar statute of repose in Section 315 of the Act, 77 P.S. § 602, which imposes a three-year period for bringing a claim, commencing with the date of injury. The statute of repose in Section 315 entirely extinguishes a claimant's right to compensation benefits unless, within three years after the injury, the parties agree on the compensation payable, or a claim petition is filed. *Schreffler v. Workers' Comp. Appeal Bd. (Kocher Coal Co.)*, 788 A.2d 963, 967 (Pa. 2002).

Claimant sustained his work injury on December 18, 2014. If Claimant had not received total disability benefits pursuant to the January 14, 2015 NTCP, his right to compensation would have expired on December 18, 2017, per Section 315 of the Act. For its part, Employer denies **(Footnote continued on next page…)**

5

Claimant that the three-year limitations period for filing his review and reinstatement petitions, or otherwise pursuing his claim for benefits, would expire on March 12, 2018. The Act does not impose such a duty and this Court will not create one.[6]

Instantly, Claimant's receipt of partial wage loss benefits ended when Employer issued the NSTC and medical-only NCP on March 12, 2015. Thereafter, Claimant had until March 12, 2018, to file his review and reinstatement petitions. Claimant's right to do so had already expired when the parties executed the April 23, 2018 Supplemental Agreement. Thus, the WCJ correctly held that the Supplemental Agreement did not toll the statute of repose, as our Supreme Court has held that "no payment, whether by agreement or misconstruction of the Act, or commendable compassion, can operate to resurrect an expired claim[,]" once the

---

that Claimant's wage loss benefits received through March 12, 2015, were compensation under the Act. Therefore, Employer also suggests that Claimant's right to compensation expired on December 18, 2017, as "there was no payment of indemnity benefits during the [three-]year period following the date of injury[.]" Employer's Br. at 13. We disagree, as payment of temporary compensation is "compensation" for purposes of tolling the statute of repose in Section 315 of the Act, per Section 406.1(d)(5)(iv) of the Act, added by the Act of February 8, 1972, P.L. No. 12, 77 P.S. § 717.1(d)(5)(iv).

In *Westinghouse Electric Corp./CBS v. Workers' Compensation Appeal Board (Korach)*, 883 A.2d 579, 591 (Pa. 2005), our Supreme Court observed that a "critical distinction exists between the statute of repose in Section 315 where the employer's liability has not yet ripened," and Section 413(a), where liability has been established. Under Section 315, the payment of medical expenses and/or wage loss as "payments in lieu of compensation" may toll the statute of repose. *Id.* Pursuant to Section 413(a), liability is established, and medical expenses and wage loss benefits are therefore considered separately. Additionally, Section 306(f.1)(9) of the Act, 77 P.S. § 531(9), explicitly precludes tolling of the three-year limitations period in Section 413(a) by payments for medical treatment. Because Employer's liability was already established, Section 413(a) governs our analysis of the instant appeal.

[6] The March 12, 2015 NSTC did, in fact, contain a notice Claimant had "three years from the date of injury or discovery of your condition to file a Claim Petition for benefits. Since time limits can vary depending on the facts of your situation, you may wish to contact an attorney if you believe you may have a claim." R.R. at 319a.

three-year limitations period in Section 413(a) has expired. *Cozzone ex rel. Cozzone v. Workers' Comp. Appeal Bd. (Pa. Mun./E. Goshen Twp.)*, 73 A.3d 526, 542 (Pa. 2013). There is no mechanism in the Act "whereby an agreement can create or resurrect a right under the statute, where the statute itself mandates that the right expired." *Id.* at 542. Because Claimant failed to file his review and reinstatement petitions prior to March 12, 2018, the WCJ correctly denied and dismissed the petitions as untimely.

## B. Equitable Estoppel

Next, we address whether Employer should have been equitably estopped from raising the statute of repose in Section 413(a) as a defense to Claimant's petitions. Claimant bears the burden of proving the elements of equitable estoppel, which arises when an employer, by its acts, representations, or admissions, or by its silence "when it ought to speak out," "intentionally or through culpable negligence induces another to believe certain facts to exist and such other rightfully relies and acts on such belief, so that he will be prejudiced if the former is permitted to deny the existence of such facts." *Westinghouse*, 883 A.2d at 586 (internal citations omitted). "The essential elements of estoppel are 'an inducement by the party sought to be estopped to the party who asserts the estoppel to believe certain facts to exist – and the party asserting the estoppel *acts in reliance on that belief*." *Id.* (emphasis in original). To avail himself of estoppel under the Act, a claimant must prove that the actions relied on lulled him into a false sense of security. *Id.* Where an employer has not engaged in concealment, misrepresentation, "or other inequitable conduct[,]" a claimant "may not properly claim that an estoppel arises in his favor from his own omission or mistake." *Id.*

7

Claimant concedes that the record does not reflect any intent by Employer to intentionally deceive Claimant regarding the statute of repose in Section 413(a). He argues, however, that "by [its] silence or inaction[,]" Employer "unintentionally lure[d Claimant] into a false sense of security, and [Claimant] had no way of knowing" that he must file a review petition to amend the description of his injury. Claimant's Br. at 20. Claimant points to logs kept by one Employer's claims adjuster indicating that Claimant notified Employer in 2017 that his lower back symptoms recurred. R.R. at 250a. These logs document that Claimant's workers' compensation claim had been closed but would be reopened. *Id.* at 248a-50a. Thereafter, Claimant asserts that the claims adjuster scheduled an IME for January 16, 2018, but failed to advise Claimant that his right to file a review petition would be extinguished prior to that date. Claimant testified before the WCJ that he thought that the January 16, 2018 IME was "a second opinion" and he assumed that Employer would continue to cover his medical expenses and any future wage loss, as it had paid "for everything else along the way." *Id.* at 153a. Claimant relied on Employer to tell him "exactly what to do." *Id.* at 150a. Claimant also cites Employer's payment of Claimant's medical expenses and wage loss benefits following his April 11, 2018 surgery as evidence that Employer lulled Claimant into a false sense of security, albeit "unintentionally[.]" Claimant suggests that he should not be held "responsible for not knowing the technical filing procedures" in the Act where Employer previously paid him total disability benefits.

Claimant's estoppel argument is largely predicated on his compensation rights having expired on December 18, 2017. As discussed above, Claimant's three-year period for filing his review and reinstatement petitions expired on March 12, 2018, after the January 16, 2018 IME took place. The Act does not impose upon an

employer the duty to notify a claimant of the date upon which his rights under the Act will be extinguished by a statute of repose. Moreover, the doctrine of equitable estoppel requires more than Employer's "silence or inaction." Rather, Employer had to remain silent "when [it] ought to speak out[.]" *Westinghouse*, 883 A.2d at 586. As the WCJ recognized, Employer had no duty to inform Claimant of the statute of repose in Section 413(a), or of the date upon which the three-year limitations period would expire. Furthermore, there is no evidence to suggest that Employer affirmatively told Claimant that the three-year period had been tolled or somehow extended. In rejecting Claimant's argument that the statute of repose in Section 413(a) should be tolled by the doctrine of equitable estoppel, the WCJ found that Employer's conduct did not "include intentional acts designed to defraud Claimant[.]" R.R. at 75a. Instead, to its credit, Employer "voluntarily paid Claimant wage loss benefits and medical expenses" related to the April 11, 2018 discectomy. *Id.*

The WCJ is the ultimate finder of fact and exclusive arbiter of credibility and evidentiary weight. *LTV Steel Co., Inc. v. Workers' Comp. Appeal Bd. (Mozena)*, 754 A.2d 666, 676 (Pa. 2000). So long as the findings of the WCJ are supported by substantial evidence, they must be accepted as conclusive on appeal. *Newcomer Prod. v. Workers' Comp. Appeal Bd. (Irvin)*, 826 A.2d 69, 74-75 (Pa. Cmwlth. 2003). Substantial evidence supports the WCJ's finding that Employer did not engage in concealment, misrepresentation, or other inequitable conduct that would implicate the doctrine of equitable estoppel. Accordingly, the WCJ did not err in concluding that Claimant failed to prove that Employer's conduct "lulled Claimant into a false sense of security regarding the need to file his [petitions] in a timely manner." R.R. at 81a.

9

## IV.  Conclusion

Claimant's review and reinstatement petitions were filed more than three years after his last payment of compensation.  Therefore, they are time-barred by the statute of repose in Section 413(a) of the Act.  The record does not reflect that Employer engaged in conduct that would equitably estop Employer from raising the statute of repose as a defense to Claimant's petitions.  Accordingly, we affirm the Board.

_____
ELLEN CEISLER, Judge

10

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Charles B. Keffer,             :
           Petitioner        :
                                  :
        v.                   :    No. 1110 C.D. 2022
                                  :
Colfax Corporation and Phoenix    :
Insurance Company (Workers'       :
Compensation Appeal Board),       :
           Respondents    :

## O R D E R

AND NOW, this 11th day of August, 2023, the September 13, 2022 order of the Workers' Compensation Appeal Board is hereby AFFIRMED.

_____
ELLEN CEISLER, Judge