807 A.2d 906

### ROX COAL COMPANY, Appellant,

v.

### WORKERS' COMPENSATION APPEAL BOARD (SNIZASKI), Appellee (Two Cases).

Supreme Court of Pennsylvania.

Argued March 4, 2002.

Decided Oct. 1, 2002.

Michael A. Cohen, Mark Gordon, Pittsburgh, for Rox Coal Co.

James A. Holzman, Harrisburg, Janet Marie Tarczy, Carlisle, for W.C.A.B. (Snizaski).

Fred C. Jug, Pittsburgh, for Randy Snizaski.

Daniel King Bricmont, Pittsburgh, for Pennsylvania Trial Lawyers Ass'n, amicus curiae.

Before STEPHEN A. ZAPPALA, C.J., and CAPPY, CASTILLE, NIGRO, NEWMAN, SAYLOR and EAKIN, JJ.

## OPINION

Justice NEWMAN.

Rox Coal Company (Rox Coal) appeals from an Order of the Commonwealth Court, which affirmed an Order of the Workers' Compensation Appeal Board (WCAB) that reversed a decision of the Workers' Compensation Judge (WCJ) denying fatal claim benefits to Renee Snizaski (Snizaski) following the death of her husband. Accordingly, the Commonwealth Court affirmed the WCAB's grant of fatal claim benefits to Snizaski. For the reasons discussed herein, we affirm.

## FACTS AND PROCEDURAL HISTORY

On May 7, 1996, Randy Edward Snizaski (Decedent) died as a result of injuries that he sustained in a one-car motor vehicle accident on his way to work. Snizaski and four minor children survived Decedent. At the time of the fatal accident, Decedent was driving a 1996 Ford Explorer that Rox Coal had provided to him as a term of his employment. Rox Coal had hired Decedent on March 18, 1996, to work as a coal mine superintendent. In this position, Decedent was in charge of the operations of two mines (Diamond T-B and Diamond T-C), whose offices and main entries were located at one site.

On July 1, 1996, Snizaski filed a Fatal Claim Petition against Rox Coal and its workers' compensation insurance carrier, Rockwood Casualty Company, on behalf of herself and her children, asserting entitlement to workers' compensation benefits. Recognizing the general rule that, pursuant to section 301(c) of the Workers' Compensation Act (Act),[1] an injury sustained by an employee traveling to or from work is not compensable (the "going and coming rule"), Snizaski alleged that Decedent's employment contract with Rox Coal, which consisted of an oral agreement between them, included transportation to and from work, that Decedent was in furtherance

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 411.

of his employment at the time of the accident, and that Decedent was a "traveling employee." Snizaski argued that these facts implicated three of the exceptions to the going and coming rule.[2]

On July 26, 1996, Rox Coal filed an Answer to the Fatal Claim Petition, denying each of Snizaski's allegations. The WCJ conducted a hearing on September 16, 1996, at which Rox Coal asserted as an affirmative defense that Snizaski was ineligible for fatal claim benefits because Decedent's death resulted from his violation of the law. Rox Coal relied upon the police report from the accident, submitted by Snizaski, which indicated that Decedent had been guilty of the following violations of the Vehicle Code: (1) careless driving;[3] (2) driving at an unsafe speed;[4] (3) driving on the wrong side of the road;[5] and (4) failure to use a restraint system.[6] Rox Coal relied on section 301(a) of the Act, which provides in relevant part as follows:

> Every employer shall be liable for compensation for personal injury to, or for the death of each employe, by an injury in the course of his employment, and such compensation shall be paid in all cases by the employer, without regard to negligence. . . .
>
> Provided, That **no compensation shall be paid when the injury or death is** intentionally self inflicted, or is **caused by the employe's violation of law,** including, but not

2. In 1991, we recognized the existence of four exceptions to the going and coming rule: (1) the employee's employment contract includes transportation to and from work; (2) the employee has no fixed place of work; (3) the employee is on a special mission for the employer; and (4) special circumstances are such that the employee was furthering the business of the employer. *Peterson v. Workers' Compensation Appeal Board (PRN Nursing Agency),* 528 Pa. 279, 284–86, 597 A.2d 1116, 1119 (1991) (citing *Setley v. Workers' Compensation Appeal Board (Kawecki Berylco Industries),* 69 Pa.Cmwlth. 241, 451 A.2d 10, 11 (1982)).

3. 75 Pa.C.S. § 3714.

4. 75 Pa.C.S. § 3361.

5. 75 Pa.C.S. § 3301.

6. 75 Pa.C.S. § 4581.

limited to, the illegal use of drugs, but the burden of proof of such fact shall be upon the employer. . . .

77 P.S. § 431 (emphasis added).

Subsequently, by letter dated June 17, 1997, Rox Coal raised a second affirmative defense, claiming that Decedent's death was caused by a violation of company policy or order regarding the use of company vehicles. *See Nevin Trucking v. Workmen's Compensation Appeal Board (Murdock)*, 667 A.2d 262 (Pa.Cmwlth.1995) (holding that injuries sustained by an employee while changing a tire were not compensable where, *inter alia*, performing repairs was expressly prohibited by employer and the employee ignored a communication from the employer that the tire problem was to be remedied in a professional tire shop); *Dickey v. Pittsburgh & Lake Erie R. Company*, 297 Pa. 172, 146 A. 543 (1929) (holding that the employee was not entitled to compensation because he committed an act in direct hostility to and in defiance of the positive orders of the employer). Rox Coal's company car policy provided that the assigned driver shall "[o]bey all driving laws, speed limits, etc." and "[d]rivers and passengers [must] use seat belts at all times." (Reproduced Record "R.R." at 207a).

The WCJ clarified that the issues before her were: (1) whether Decedent was a traveling employee; (2) whether Decedent was on special assignment for Rox Coal at the time of the accident; (3) whether the accident occurred while Decedent was furthering the business of Rox Coal; (4) whether Decedent's employment contract included transportation to and from work; and (5) whether the accident occurred as a result of Decedent's violation of the law or company policy. The WCJ determined that Rox Coal provided the vehicle to Decedent as part of his salary package; the WCJ found credible Snizaski's testimony that Decedent never used the vehicle for anything other than traveling to and from work.

By decision dated August 19, 1997, the WCJ held that: (1) Decedent was **not a traveling employee;** (2) Decedent was **not on special assignment** when the fatal accident occurred;

(3) **No special circumstances existed** to establish that Decedent was furthering the business of Rox Coal at the time of the accident; (4) Decedent's employment contract **did include transportation** to and from work; and (5) **Decedent's death did occur as a result of Decedent's violation of law and Rox Coal's company policy.** Having found that Rox Coal established both affirmative defenses, the WCJ denied and dismissed the Fatal Claim Petition filed by Snizaski.

Snizaski appealed to the WCAB, asserting that: (1) the WCJ failed to properly determine whether the special circumstance exception applied; and (2) the WCJ erred in concluding that Decedent's alleged violations of law and company policy obviated Rox Coal's responsibility to pay fatal claim benefits to Snizaski and her children. The WCAB agreed with the WCJ that Decedent's employment contract did include transportation to and from work. The WCAB held, therefore, that Snizaski had established that Decedent's injury fell within the first exception to the going and coming rule. The WCAB then limited its ensuing discussion to Rox Coal's affirmative defenses, whether Decedent violated law or company policy within the ambit of section 301(a) of the Act and *Nevin Trucking*, respectively.

The WCAB reversed the determination of the WCJ that Decedent's death occurred as a result of his violation of law and the company policy of Rox Coal, finding that conclusion unsupported by the evidence and erroneous as a matter of law. The WCAB relied on *Burger King v. Workmen's Compensation Appeal Board (Boyd)*, 134 Pa.Cmwlth. 547, 579 A.2d 1013 (1990), in which the Commonwealth Court held that the phrase "violation of law" contained in section 301(a) means the commission of a felony or misdemeanor; a summary offense can only be considered a violation of law pursuant to that section in circumstances where the summary offense is a necessary element of a felony or misdemeanor conviction.

The appellate courts of this Commonwealth first construed section 301(a) in *Hopwood v. City of Pittsburgh*, 152 Pa.Super. 398, 33 A.2d 658 (1943), where the Superior Court stated that "a violation of law barring recovery under § 301 of the [Work-

ers'] Compensation Act, ... in general, means a felony or misdemeanor." *Id.* at 660. The Commonwealth Court affirmed this notion in a series of decisions handed down through 1990. *See, e.g., Lomax v. Workmen's Compensation Appeal Board (Mitchell),* 121 Pa.Cmwlth. 371, 550 A.2d 866, 867 (1988); *Abbotts Dairies v. Workmen's Compensation Appeal Board (Yates),* 38 Pa.Cmwlth. 423, 393 A.2d 517, 518 (1978); *Fink v. Workmen's Compensation Appeal Board (Reiter),* 37 Pa.Cmwlth. 67, 388 A.2d 1152, 1153 (1978).

Then, in 1990, the Commonwealth Court clarified what the Superior Court meant by the phrase "in general" in *Hopwood.* In the *Burger King* case, the Commonwealth Court relied on the decision of this Court in *Folino v. Young,* 523 Pa. 532, 568 A.2d 171 (1990), in which we held that summary offenses that are necessary operative facts in a misdemeanor or felony conviction can be introduced at a subsequent civil proceeding. The rule articulated in *Folino* created an exception to the general proposition that only felony and misdemeanor convictions could be introduced at subsequent civil proceedings. *See Hurtt v. Stirone,* 416 Pa. 493, 206 A.2d 624 (1965), *cert. denied,* 381 U.S. 925, 85 S.Ct. 1561, 14 L.Ed.2d 684 (1965). In *Hurtt,* we reasoned that summary offenses could not be introduced because expediency and convenience, rather than guilt, often controlled the response of the accused to these charges. In *Folino,* we reasoned that where the summary offense is a necessary operative fact in a felony or misdemeanor conviction, the accused "had adequate incentive to contest the issue and an adequate forum in which to litigate." *Folino,* 523 Pa. at 536, 568 A.2d at 173. Thus, the Commonwealth Court has consistently held that a summary offense does not rise to a violation of law as contemplated in section 301(a) of the Act unless that summary offense is a necessary operative fact of a felony or misdemeanor conviction.

As the summary offenses referred to in the police accident report were not necessary elements of any felony or misdemeanor conviction, the WCAB held that they did not constitute violations of law for purposes of the Act. Additionally, the WCAB held that the police accident report was uncorrob-

orated hearsay and was insufficient to support the Findings of Fact of the WCJ that Decedent violated the law or company policy. Accordingly, the WCAB reversed the decision of the WCJ and remanded the matter for an award and calculation of fatal claim benefits.

Rox Coal petitioned the WCAB for reconsideration and, simultaneously, appealed to the Commonwealth Court, which stayed the appeal pending resolution of the Petition for Reconsideration. Rox Coal argued that the WCJ properly relied on the police accident report to support its conclusion that Decedent violated the law and company policy, pursuant to section 301(a) and *Nevin Trucking*, and that the 1993 amendments to section 301(c)(1) of the Act, codified at 77 P.S. § 411(1),[7] eliminated the first exception to the going and coming rule. The WCAB first reiterated that the police accident report did not constitute sufficient evidence to establish a violation of law or company policy. The WCAB then opined that the Act had been amended in 1993 to eliminate the employment contract exception to the going and coming rule. However, "because the issue was not raised before the WCJ and not cross or protectively appealed by [Rox Coal] to this Board, we consider this issue waved [sic]." Opinion of the WCAB on Reconsideration dated June 13, 2000, at 9.

7. Section 301(c)(1) of the Act provides in relevant part as follows:

The term "injury arising in the course of his employment," as used in this article, shall not include an injury caused by an act of a third person intended to injure the employe because of reasons personal to him, and not directed against him as an employe or because of his employment; **nor shall it include injuries sustained while the employe is operating a motor vehicle provided by the employer if the employe is not otherwise in the course of employment at the time of injury;** but shall include all other injuries sustained while the employe is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere, and shall include all injuries caused by the condition of the premises or by the operation of the employer's business or affairs thereon, sustained by the employe, who, though not so engaged, is injured upon the premises occupied by or under the control of the employer, or upon which the employer's business or affairs are being carried on, the employe's presence thereon being required by the nature of his employment.

77 P.S. § 411(1) (emphasis added). Pursuant to the 1993 amendments, the General Assembly added the bolded language.

The WCAB then discussed Snizaski's contention that the WCJ erred in finding that the "special circumstances" exception to the going and coming rule did not apply. Because Rox Coal required Decedent to be constantly available to respond to emergencies at the Rox Coal facilities, the WCAB held that Decedent's travel to and from work satisfied the special circumstances exception. Therefore, the WCAB reaffirmed its position that Decedent was injured while in the course of his employment and, accordingly, Snizaski and her children were entitled to fatal claim benefits pursuant to the Act.

Rox Coal again appealed to the Commonwealth Court, positing that: (1) its argument regarding the 1993 amendments was not waived; and (2) the WCAB erred in determining that the police accident report could not support a finding that Decedent violated the law or company policy. In a published Opinion, the Commonwealth Court affirmed the WCAB's grant of fatal claim benefits to Snizaski. *Rox Coal Company v. Workers' Compensation Appeal Board (Snizaski)*, 768 A.2d 384, 389 (Pa.Cmwlth.2001). The Commonwealth Court refused to address the procedural issue of whether Rox Coal waived its argument regarding the 1993 amendments, preferring to address the underlying substantive question. The court determined that the 1993 amendments to the Act did not abrogate the employment contract exception to the going and coming rule as it had consistently recognized the exception in the post–1993 amendments era. *See, e.g., Wells Fargo Company v. Workers' Compensation Appeal Board (Pacheco)*, 764 A.2d 1147 (Pa.Cmwlth.2000).

The Commonwealth Court agreed with the WCAB that the police accident report did not constitute competent evidence to support a finding that Decedent committed a violation of law or company policy that would deprive Snizaski and her children of fatal claim benefits. Accordingly, the Commonwealth Court affirmed the Orders of the WCAB. This Court granted allocatur to determine whether the 1993 amendments eliminated the employment contract exception to the going and coming rule, whether the information gleaned from the police accident report is excludable hearsay, and whether summary offenses

constitute a violation of law that would preclude an award of workers' compensation benefits.

## DISCUSSION

### I. *Employment Contract Exception*

■ Rox Coal initially contends that the 1993 amendments to the Act eliminated the employment contract exception to the going and coming rule. The 1993 amendments to the Act added the bolded portion to the pre-existing section 301(c)(1):

The term "injury arising in the course of his employment," as used in this article, shall not include an injury caused by an act of a third person intended to injure the employe because of reasons personal to him, and not directed against him as an employe or because of his employment; **nor shall it include injuries sustained while the employe is operating a motor vehicle provided by the employer if the employe is not otherwise in the course of employment at the time of injury;** but shall include all other injuries sustained while the employe is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere....

77 P.S. § 411(1) (emphasis added). Rox Coal submits that the revisions to section 301(c)(1) indicate that the General Assembly intended to legislatively reject this common law-created exception to the going and coming rule. Rox Coal alleges that an employee whose contract includes transportation to and from work must still prove that he or she is otherwise in furtherance of the employer's business at the time of the accident. Because the WCJ found that "[n]o special circumstances ... existed at the time of the fatal accident to establish that [Decedent] was furthering the business of the employer[,]" [8] Rox Coal avers that Snizaski has failed to establish an exception to the going and coming rule pursuant to the amended Act.

Snizaski responds that Rox Coal waived this argument because Rox Coal failed to raise the contention as an objection

8. Opinion of the WCJ dated August 19, 1997, at 7.

to the finding of the WCJ that Snizaski had established the employment contract exception. While stating, as dictum, that the 1993 amendments eliminated the employment contract exception, the WCAB agreed with Snizaski that Rox Coal had waived this argument by not filing a cross-appeal from the determination by the WCJ and that Snizaski had demonstrated the existence of the exception. The Commonwealth Court did not address the waiver argument, "choosing instead to take this opportunity to dispel any doubt as to the continued validity of the employment contract exception to the going and coming rule." *Rox Coal,* 768 A.2d at 389. However, for the reasons that follow, we find that Rox Coal did in fact waive its contention that the 1993 amendments to the Act eliminated the employment contract exception. Therefore, we will not discuss the viability of the exception in the Act as it exists after the 1993 amendments.

In *Wing v. Unemployment Compensation Board of Review,* 496 Pa. 113, 436 A.2d 179 (1981), we held that:

[T]he administrative law tribunal must be given the opportunity to correct its errors as early as possible; diligent preparation and effective advocacy before the tribunal must be encouraged by requiring the parties to develop complete records and advance all legal theories; and the finality of the lower tribunals' determinations must not be eroded by treating each determination as part of a sequence of piecemeal adjudications.

*Id.* at 117, 436 A.2d at 181 (applied to administrative law proceedings the holdings of *Dilliplaine v. Lehigh Valley Trust Co.,* 457 Pa. 255, 322 A.2d 114 (1974), and *Commonwealth v. Clair,* 458 Pa. 418, 326 A.2d 272 (1974), which announced the same waiver rule in civil and criminal cases, respectively). In *Dilliplaine,* we had stated:

Appellate court consideration of issues not raised in the trial court results in the trial becoming merely a dress rehearsal. This process removes the professional necessity for trial counsel to be prepared to litigate the case fully at trial and to create a record adequate for appellate review. The illprepared advocate's hope is that an appellate court will

come to his aid after the fact and afford him relief despite his failure at trial to object to an alleged error. The diligent and prepared trial lawyer—and his client—are penalized when an entire case is retried because an appellate court reverses on the basis of an error opposing counsel failed to call to the trial court's attention.

*Dilliplaine,* 457 Pa. at 257, 322 A.2d at 116.

The claimants in *Wing* were told that their employment had been terminated, so they applied to the Bureau of Employment Security (Bureau) for unemployment compensation benefits. The Bureau requested information from the claimants' employers and, after reviewing the information, denied benefits on the basis that the claimants had quit (other than sending the information, the employers did not espouse a theory by which their employment relationships with the claimants terminated). The employers sent the following information to the Bureau:

Shirley Wing "[r]efused to return to work when she was requested and needed. Miss Wing was not on vacation. . . ."

"Alice [King] was on sick leave from 3–17–78 thru 6–1–78. She did not return to work when her leave expired."

*Wing,* 496 Pa. at 115, 436 A.2d at 180.

The claimants appealed to the Unemployment Compensation Board of Review (UCBR), which affirmed the determination of the Bureau. The claimants appealed to the Commonwealth Court, which determined that the evidence was insufficient to show that the claimants had quit and, therefore, reversed the Bureau and the UCBR. The Commonwealth Court remanded the matter to the UCBR to consider whether the claimants had been fired for willful misconduct, a theory that the employers first advanced before the Commonwealth Court. The claimants sought allocatur, alleging that the employers had waived the issue of willful misconduct; we granted allowance of appeal. We held that "even if the Bureau . . . and the Board . . . espouse an incorrect theory, the employer must at least propose the allegedly correct theory or waive consideration of it." *Wing,* 496 Pa.

at 117, 436 A.2d at 181. We affirmed in *DeMarco v. Jones & Laughlin Steel Corporation*, 513 Pa. 526, 522 A.2d 26 (1987), that the *Wing* articulation of the waiver rule applies equally in the workers' compensation context.[9] *See also Smith* ("purpose [of the waiver rule] is to ensure that the tribunal with initial jurisdiction is presented with all cognizable issues so that the integrity, efficiency, and orderly administration of the workmen's compensation scheme of redress for work-related injury is preserved") (internal quotation omitted).

Thus, it was incumbent upon Rox Coal to raise its argument concerning the applicability of the 1993 amendments to the WCJ to provide that entity with the opportunity to address the argument. Rox Coal failed to raise this claim in either its pleadings or during the course of the hearings before the WCJ. The sole contention raised by Rox Coal to the WCJ was that Decedent violated company law and policy, both of which assume the continued viability of the employment contract exception to the going and coming rule. The failure of Rox Coal to raise its contention that the 1993 amendments eliminated the employment contract exception to the WCJ, serves as a waiver of this issue. As we previously stated, because of the result that we reach today, we will not address whether the 1993 amendments to the Act eliminated the employment contract exception to the going and coming rule.

## II. *Admissibility of the Police Accident Report*

Rox Coal next alleges that the WCAB erred in refusing to view the police accident report as competent

9. Although we recognize that *DeMarco* was a plurality opinion in which the Court was divided concerning the question of how strictly waiver principles should be applied in the workers' compensation setting, as the Commonwealth Court has recognized, this Court has since endorsed the lead view from *DeMarco*. *See Dobransky v. Workers' Compensation Appeal Board (Continental Baking Co.)*, 701 A.2d 597, 599–600 (Pa.Cmwlth.1997) (citing *Smith v. Workmen's Compensation Appeal Board (Concept Planners & Designers)*, 543 Pa. 295, 301 & n. 6, 670 A.2d 1146, 1149 & n. 6 (1996)); *see also Department of Corrections v. Workers' Compensation Appeal Board (McClellan)*, 794 A.2d 977, 981 n. 13 (Pa.Cmwlth.2002) ("The law is well settled that issues not raised before the WCJ are waived and will not be considered by this Court." (citation omitted)).

evidence to support the determination by the WCJ that Decedent committed a violation of law or Rox Coal's company policy. The police accident report indicated the following: (1) Decedent was operating his vehicle at a speed greater than reasonable and prudent; (2) Decedent failed to negotiate a left-hand turn; (3) Decedent's vehicle traveled seventy-five feet along the south berm of the roadway before striking a guardrail; and (4) Decedent's vehicle traveled an additional 202 feet before impacting against another berm, upon which he traveled approximately seventy-one feet before becoming airborne for an additional fifteen feet, whereupon his vehicle struck a tree.

Preliminarily, the parties do not dispute that the police accident report is hearsay. Neither Rox Coal nor Snizaski ever called the State Trooper who authored the report as a witness. Rox Coal maintains that the WCAB should have considered this information when deciding whether Decedent violated the law or company policy, especially in light of the fact that the WCJ admitted the report into evidence on the motion of Snizaski. In effect, Rox Coal posits that Snizaski's act of offering the report constitutes an admission of a party-opponent, which is an exception to the hearsay rule. Snizaski counters that she offered the police accident report solely to establish the approximate time of the accident and, therefore, was not an admission of the truth of the substantive statements contained in the report.

■ Pennsylvania Rule of Evidence 802 provides that hearsay is not admissible unless some exception applies. "A police report prepared by an officer who is not a witness to the accident is inadmissible hearsay evidence and should not be admitted into evidence. Nor should a party be able to get such a report into evidence in an indirect manner." *Holland v. Zelnick,* 329 Pa.Super. 469, 478 A.2d 885, 888 (1984); *See Johnson v. Peoples Cab Company,* 386 Pa. 513, 126 A.2d 720 (1956) (holding that a report of a police officer, who arrived at an accident scene minutes after a collision, which contained a statement that one of the vehicles traveled through a stop sign, was inadmissible hearsay evidence); *accord Harvey v.*

*Doliner*, 399 Pa. 356, 160 A.2d 562 (1960). Pennsylvania Rule of Evidence 803(25)(B), fashioned after Federal Rule of Evidence 801(d)(2), provides an exception to the inadmissibility of hearsay when a "statement is offered against a party and is ... a statement of which the party has manifested an adoption or belief in its truth."

Counsel for Snizaski sought to admit the police accident report as follows: "I'd move the admission of the accident report, Your Honor, which reflects the 911 call to be precisely at 6:00 A.M. That's the only copy I have." (Notes of Testimony 9/16/96 at 144). As the Commonwealth Court concluded, Snizaski offered the report not for the truth of the officer's investigation but for the limited purpose of demonstrating that the accident occurred prior to 6:00 in the morning. (R.R. at 209). Therefore, even though Snizaski offered the report into evidence, she never manifested an adoption or belief in its truth and, therefore, as the Commonwealth Court concluded, "it remains hearsay." *Rox Coal*, 768 A.2d at 393.

 However, the evidentiary rules in workers' compensation proceedings are relaxed and, in certain circumstances, hearsay evidence may be admitted. "Neither the board nor any of its members nor any workers' compensation judge shall be bound by the common law or statutory rules of evidence in conducting any hearing or investigation, but all findings of fact shall be based upon sufficient competent evidence to justify same." 77 P.S. § 834. The Commonwealth Court has consistently applied the following standard to determine whether hearsay evidence is admissible at administrative proceedings:

> (1) Hearsay evidence, Properly objected to, is not competent evidence to support a finding of the Board[;] (2) Hearsay evidence, Admitted without objection, will be given its natural probative effect and may support a finding of the Board, If it is corroborated by any competent evidence in the record, but a finding of fact based Solely on hearsay will not stand.

*Walker v. Unemployment Compensation Board of Review*, 27 Pa.Cmwlth. 522, 367 A.2d 366, 370 (1976). We have affirmed

cases involving the so-called "Walker Rule" on numerous prior occasions. *See, e.g., Joyce v. Workmen's Compensation Appeal Board (Ogden/Allied Maintenance)*, 545 Pa. 135, 141–43, 680 A.2d 855, 858 (1996); *A.Y. v. Department of Public Welfare, Allegheny County Children & Youth Services*, 537 Pa. 116, 121–23, 641 A.2d 1148, 1151 (1994). *LeGare v. Unemployment Compensation Board of Review*, 498 Pa. 72, 78–79, 444 A.2d 1151, 1154 (1982). *See also, McCauley v. Imperial Woolen Co.*, 261 Pa. 312, 325–26, 104 A. 617, 622 (1918) (stating that provisions relaxing evidentiary standards in workers' compensation proceedings "do not mean . . . that either the referee or board has the right to find material facts on hearsay alone, whether such evidence is developed in the course of formal hearings or in less formal investigations; for, in the first place, the rule which forbids the making of material findings on hearsay alone, is more than a technical rule of evidence . . .").

In the case *sub judice*, there were no witnesses to the accident, nor were any other vehicles involved. Also, the police officer that authored the accident report did not testify. Accordingly, there is no competent evidence in the Record to corroborate the police accident report. Therefore, the WCAB properly rejected the finding of the WCJ that Decedent violated the law and Rox Coal's company policy. Absent the police accident report, Rox Coal failed to establish any such violation that would disqualify Snizaski and her children from receiving fatal claim benefits. *See* 77 P.S. § 431 (employer has the burden of proving a violation of law); *Dickey v. Pittsburgh & Lake Erie R.R. Company*, 297 Pa. 172, 146 A. 543 (1929) (implying the same burden of proof on employer where alleging a violation of company policy).

### III. *Summary Offenses*

■ Finally, Rox Coal submits that, pursuant to section 301(a) of the Act, 77 P.S. § 431, "no compensation shall be paid when the injury or death is intentionally self-inflicted, or is caused by the employe's violation of law." Rox Coal submits that the police accident report established that Dece-

dent committed multiple violations of law: (1) careless driving in violation of 75 Pa.C.S. § 3714; (2) driving on the wrong side of the road in violation of 75 Pa.C.S. § 3301; (3) driving at a speed greater than reasonable and prudent under the conditions in violation of 75 Pa.C.S. § 3361; and (4) failure to use a restraint system in violation of 75 Pa.C.S. § 4581. However, as we have determined that the WCAB properly rejected consideration of the police accident report, there is no evidence on the Record of Decedent's alleged violations of law and, accordingly, this issue is rendered moot.

## CONCLUSION

In accordance with the foregoing discussion, we affirm the Order of the Commonwealth Court upholding the grant by the WCAB of fatal claim benefits to Snizaski and her children.