STANLEY KING *v.* ADMINISTRATOR,
UNEMPLOYMENT COMPENSATION
ACT, ET AL.

Superior Court, Judicial District of New Haven
File No. CV-04-4004134-S

Memorandum filed November 24, 2008

*William J. Nulsen,* for the plaintiff.

*Thomas P. Clifford III,* assistant attorney general, for the named defendant.

BLUE, J. This administrative appeal involves the right of confrontation in the context of an unemployment compensation hearing.

The record shows that from October 11, 1999, to May 24, 2004, the plaintiff, Stanley King, worked as a driver for the defendant Connecticut Container Corporation (Container). The latter date is the date on which Container officially notified King of his discharge. The reason for his discharge was a physical assault on Robert Iantosca, vice president of labor relations for Container. The record concerning this assault will be reviewed.

General Statutes § 31-236 (a) (2) (B) provides that an individual shall be ineligible for unemployment benefits "if, in the opinion of the administrator, the individual has been discharged or suspended for . . . wilful misconduct in the course of the individual's employment . . . ." On June 9, 2004, the defendant administrator of the Unemployment Compensation Act issued a determination denying benefits. On June 14, 2004, King appealed from the administrator's decision. On July 26, 2004, an associate appeals referee, James V. Cesario, conducted a hearing. The adequacy of that hearing is the central issue in this appeal and will be discussed

shortly. On July 27, 2004, referee Cesario issued a written decision finding that King had been discharged for wilful misconduct in the course of his employment and affirming the administrator's determination. On August 11, 2004, King filed a timely appeal to the employment security board of review. On September 22, 2004, the board filed a written decision affirming the referee's decision.

On October 18, 2004, King filed a timely appeal to this court. Following a Dickensian delay, the appeal was heard on November 21, 2008.

The sole issue raised by King in his appeal is the introduction into evidence of an unsworn statement by a Container supervisor, Sal Nuzzo, at the July 26, 2004 hearing. The introduction of this statement is claimed to have violated King's due process right to confront the witnesses against him. Given the nature of this claim, a detailed description of the administrative hearing is in order.

Three witnesses testified under oath at the administrative hearing: King, Iantosca and George Sellas, a bystander witness.

King admitted that he had been involved in a physical confrontation with Iantosca—he testified that "I did ball my [fist] up," and, "I was using profanity language"—but claimed that Iantosca had provoked the incident and that he (King) had not struck Iantosca.

Iantosca testified that as he took his hands out of his pockets, King "hit me with his left arm on my right forearm." He was cut, apparently with a ring, and suffered swelling and bleeding.

Sellas testified that "the only thing I saw" was "Stanley King grabbing Mr. Iantosca's arm."

The referee additionally considered Nuzzo's unsworn statement. The referee asked if there was "any objection" to the introduction of this statement into evidence. King did not object.

The statement reads in full as follows: "At about 09:40 am Stanley King came into the Safety Meeting held by Manfi Leasing at the 91 Diner on Middletown Ave. In New Haven Ct. It appeared that Stanley was drunk at that time. He was loud and disruptive and was disturbing the entire meeting. He was making remarks about how much food was there. About 15 or 20 minutes later he got up and said he was leaving. He said, 'he didn't need this shit,' and said he was on his time, and left.

"He was outside on his cell phone when Bob Iantosca went out to talk to him. I was watching through the window and it looked like Stanley was yelling and all of a sudden I saw Stanley push Bob Iantosca so I ran out to try to get between them. I spoke with Stanley and kept him from driving anywhere. I told him to get in the car and I would drive him home which I did. Then I returned to the meeting."

King claims that the introduction of this statement violated his due process right to confront the witnesses against him. After a careful consideration of the record, I respectfully disagree.

General Statutes § 31-244a provides in relevant part: "The referees and the board shall not be bound by the ordinary common law or statutory rules of evidence or procedure. They shall make inquiry in such manner, through oral testimony and written and printed records, as is best calculated to ascertain the substantial rights of the parties and carry out justly the provisions of this chapter. . . ." This statutory language seeks to strike

a balance. Hearsay evidence is admissible, but "the substantial rights of the parties" must be observed and the proceedings must be done "justly."

This balance is similar to that required by controlling constitutional law. Administrative and regulatory hearings are subject to the protections of due process. These protections include "the requirements of confrontation and cross-examination." *Greene* v. *McElroy*, 360 U.S. 474, 496, 79 S. Ct. 1400, 3 L. Ed. 2d 1377 (1959). At the same time, however, "due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey* v. *Brewer*, 408 U.S. 471, 481, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972). Even a parole revocation hearing "should be flexible enough to consider evidence including letters, affidavits, and other material that would not be admissible in an adversary criminal trial." Id., 489.

In the context of unemployment compensation hearings, the Pennsylvania Supreme Court has drawn a useful distinction. "Hearsay evidence, [a]dmitted without objection, will be given its natural probative effect and may support a finding of the [b]oard, [i]f it is corroborated by any competent evidence in the record, but a finding of fact based [s]olely on hearsay will not stand." (Internal quotation marks omitted.) *Rox Coal Co.* v. *Workers' Compensation Appeal Board (Snizaski)*, 570 Pa. 60, 75, 807 A.2d 906 (2002). Both parties to the present appeal agreed with this distinction at argument. It is a distinction faithful to the statutory text of § 31-244a. I adopt it.

The Nuzzo statement was admitted without objection. It was fully corroborated by the competent evidence of Sellas and Iantosca. The referee's finding of fact is not based solely on hearsay.

The appeal is dismissed.