

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-20-2009

# Claudio Jarrett v. Township of Bensalem

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2266

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Claudio Jarrett v. Township of Bensalem" (2009). *2009 Decisions.* Paper 1842.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1842

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2266
_____

CLAUDIO JARRETT; KEYSTONE FREIGHT,
Appellants

v.

TOWNSHIP OF BENSALEM;
FRED HARRAN; GEORGE PRICE;
DEREK GOLDSTEIN, OFFICER, j/s/a
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 07-cv-1480)
District Judge: Honorable Berle M. Schiller
_____

Submitted Under Third Circuit LAR 34.1(a)
February 6, 2009

Before:   McKEE, JORDAN, and LOURIE*, *Circuit Judges.*

Filed: February 20, 2009
_____

OPINION OF THE COURT
_____

_____
        *Honorable Alan D. Lourie, Circuit Judge of the United States Court of Appeals
for the Federal Circuit sitting by designation.

LOURIE, *Circuit Judge*.

Claudio Jarrett and Keystone Freight Corp. (collectively, "Appellants") appeal from a grant of summary judgment in favor of the Township of Bensalem, Fred Harran, George Price, and Derek Goldstein (collectively, "Appellees"). Appellants' claim, filed pursuant to 42 U.S.C. § 1983, alleged that Appellees had conspired to file a fraudulent police report concerning a motor vehicle accident involving Jarrett. The District Court granted summary judgment, finding that because Appellants had failed to allege a constitutional violation, the claim failed as a matter of law. *Jarrett v. Twp. of Bensalem*, No. 07-1480, 2008 U.S. Dist. LEXIS 23984, at *16 (E.D. Pa. Mar. 26, 2008). We agree with the District Court that Appellants' claim fails as a matter of law, and we will therefore affirm.

I.    Discussion

On June 16, 2006, Jarrett was driving a tractor-trailer owned by Keystone Freight Corp., when he was involved in an accident with a pickup truck being driven by a non-party, Jared Watson. One of the named defendants, Officer Goldstein of the Bensalem police department, responded to the scene of the accident.[1] Goldstein investigated the scene and prepared an accident report in which he concluded that the "primary cause" of

---

[1]    Another defendant, Officer George Price of the same police department, is listed as a "reviewer" on one of the police reports, but apparently he was not at the scene. The District Court noted that it is unclear why Price was even named a defendant. *Jarrett*, 2008 U.S. Dist. LEXIS 23984 at *6 n.2.

2

the accident was Jarrett entering the highway without "safe clearance." Goldstein also concluded that Watson's excessive speed at the time of the crash was a "contributing factor." Neither driver was cited for any offense stemming from the accident.

A few weeks later, after receiving a tip from Keystone Freight's counsel, the Bensalem Police Department began investigating whether Watson had been intoxicated on the night of the accident. Eventually, Watson was charged with driving under the influence. He pled guilty to that charge and served ninety days in jail. In spite of this, the Bensalem Police Department did not alter its police report.

Appellants then brought suit in the Eastern District of Pennsylvania, alleging that Officers Price and Goldstein had violated their civil rights by filing a false police report. *See Jarrett*, 2008 U.S. LEXIS 23984, at *2. Appellants argued that because of the police report, they had become subject to a personal injury lawsuit filed by Watson and had been unable to obtain a full recovery on their insurance claim. They further asserted a *Monell* claim against Harren, the Director of Public Safety and Chief of Police, and the township of Bensalem, alleging that they had ratified Goldstein's unconstitutional conduct. *Id.*

The District Court granted Appellees' summary judgment motion, finding that Appellants had no constitutional right to an accurate police report and had failed to show any constitutional harm resulting from the police report. *Id.* at *10-15. Appellants appealed that decision.

3

We review a District Court's grant of summary judgment *de novo*. *Kopec v. Tate*, 361 F.3d 772, 775 (3d Cir. 2004). In doing so, we view the evidence in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).

Appellants' claim is brought pursuant to 42 U.S.C. § 1983, which "imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution of the United States." *Gruenke v. Seip*, 225 F.3d 290, 298 (3d Cir. 2000). Thus, in order to state a cause of action under Section 1983, two allegations are required. "First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law." *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *see also, e.g.*, *Groman v. Twp. of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995) ("A prima facie case under § 1983 requires a plaintiff to demonstrate: (1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law."). It is not disputed on appeal that Appellants' claim meets the state-action requirement for Section 1983 claims. The only issue for us to decide is whether Appellees' conduct deprived Appellants of any federal right.

The District Court determined that Appellants had not been deprived of any federal right. On appeal, Appellants make two arguments challenging that determination. First,

Appellants argue that the Court erred in holding that there is no constitutional right to a correct police report. We disagree. Although Appellants claim that the Court's conclusion on this point was erroneous, they fail, to cite any case supporting the contention that a constitutional right to a correct police report exists. The District Court correctly noted that "[c]ourts in the Eastern District of Pennsylvania and elsewhere have held that the filing of a false police report is not itself a constitutional violation." *Jarrett*, 2008 U.S. LEXIS 23984 at *10; *see Bush v. City of Philadelphia*, No. 98-0994, 1999 U.S. Dist. LEXIS 11428, at *4 (surveying cases and concluding that there is no constitutional right to a correct police report). Other circuits have reached the same result. *See, e.g.*, *Landrigan v. Warwick*, 628 F.2d 736, 744 (1st Cir. 1980) (finding that the mere existence of a false police report does not "deprive[] a person of a right secured by the Constitution"); *see also Shock v. Tester*, 405 F.2d 852, 855 (8th Cir. 1969). Nor do Appellants provide any rationale for a holding that an individual has a constitutional right to an accurate police report. We thus agree with the District Court that the mere existence of an allegedly incorrect police report fails to implicate constitutional rights.

Appellants' second argument is that they have been subjected to constitutional harm resulting from the erroneous police report. Appellants claim two separate constitutional harms: first, that because of the erroneous police report, they are now defendants in a personal injury lawsuit brought by Watson, and second that because

5

Jarrett was listed as the "primary cause" of the accident, they were unable to obtain a full recovery on their insurance claim.

The District Court found that both of Appellants' claims of constitutional harm failed as a matter of law. First, the Court found that the allegedly unconstitutional police report was not the cause of Watson's civil lawsuit. It stated that Appellants had failed to demonstrate any evidence that the police report was the cause of the lawsuit.

We agree with the District Court that Appellants' argument is unpersuasive. Viewing the evidence in the light most favorable to Appellants, no reasonable fact-finder could conclude that the police report caused Appellants to have to defend themselves in state court. In fact, Appellants acknowledge that the police report is not admissible in Pennsylvania civil lawsuits. *Jarrett*, 2008 U.S. Dist. LEXIS 23984, at *14; *see Rox Coal v. W.C.A.B.*, 570 Pa. 60, 807 A.2d 906, 914-15 (Pa. 2002) ("A police report prepared by an officer who is not a witness to the accident is inadmissible."). That admission weakens Appellants' argument that the police report was the cause of whatever harm was caused by Watson's filing of the civil suit. Moreover, any argument that a police report, which is open to the public, may have stimulated Watson to sue Jarrett is far too attenuated to constitute a constitutional harm. The police report can thus hardly be argued to have been the cause of a lawsuit.

Regarding Appellants' second claim, that they have suffered harm by not receiving a full recovery on their insurance claim, the District Court held that "there is no

constitutionally protected 'liberty or property interest in obtaining a large insurance sttelement.'" *Id.* at *13-14 (quoting *Hill v. Racine*, No. 04-831, 2005 U.S. Dist. LEXIS 46520, at *2 (E.D. Wis. July 13, 2005)). We agree that one does not have a constitutional right to full recovery on an insurance claim. Nor is there a constitutional right even to a full insurance settlement. Section 1983 does not create new substantive rights, but instead provides a remedy for the violation of federal rights, *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); no such right appears here. Appellants in this case appear to argue that their due process rights guaranteed in the Fourteenth Amendment have been violated. *See* Appellants' Br. at 19. However, to have a constitutionally protected property interest under the Fourteenth Amendment, "a person must have more than an abstract desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Bd. Of Regents of State Colls. v. Roth*, 408 U.S. 564, 576 (1972).

Appellants in this case cannot show that they have a "legitimate claim of entitlement" to a complete recovery of an insurance claim. Insurance payouts are subject to, *inter alia*, the policies and procedures of private insurance companies and to the specific facts relating to a particular loss. They are not entitlements, as that term is understood in context of the Fourteenth Amendment. We can find no case, and Appellants do not direct us to any case, that elevates the expectation of a complete insurance payout to a constitutional property interest. Nor do we find any reason to do so

7

here. We thus affirm the District Court's conclusion that Appellants failed to properly state a claim under 42 U.S.C. § 1983.

II.     Conclusion

For the foregoing reasons, the judgment of the District Court will be affirmed.