J-S74012-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EDWIN HILDALGO-LOPEZ, | : | |
| | : | |
| Appellant | : | No. 20 EDA 2018 |

Appeal from the PCRA Order November 21, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0001401-2010

BEFORE:  LAZARUS, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY LAZARUS, J.:                     **FILED JANUARY 08, 2019**

Edwin Hildalgo-Lopez appeals from the order, entered in the Court of Common Pleas of Philadelphia County, dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Upon careful review, we affirm.

On June 28, 2012, a jury convicted Hildalgo-Lopez, *in absentia*,[1] of homicide by vehicle while driving under the influence and related charges, stemming from a late-night drag race that occurred on the streets of Philadelphia.  On September 14, 2012, Hildalgo-Lopez was sentenced to an aggregate term of imprisonment of 6 to 12 years.  Post-sentence motions

_____

[1] On January 8, 2012, Hildalgo-Lopez cut off his ankle bracelet after being permitted out of his house to attend religious services.  After an evidentiary hearing, at which time the Commonwealth presented evidence of its efforts to locate Hildalgo-Lopez, the trial court permitted the Commonwealth to try Hildalgo-Lopez *in absentia*.  He was ultimately located for sentencing.

were denied and his judgment of sentence was affirmed on direct appeal. *See Commonwealth v. Hildalgo-Lopez*, 3067 EDA 2012 (Pa. Super. filed June 4, 2014) (unpublished memorandum). Our Supreme Court denied allowance of appeal on January 5, 2015. *See Commonwealth v. Hildalgo-Lopez*, 106 A.3d 724 (Pa. 2015) (Table).

On June 29, 2015, Hildalgo-Lopez filed a *pro se* PCRA petition. The court appointed counsel, who filed an amended petition. On October 20, 2017, the PCRA court issued notice of intent to dismiss pursuant to Pa.R.Crim.P. 907. Hildalgo-Lopez did not respond and, on November 21, 2017, the court dismissed his petition. This timely appeal follows, in which Hildalgo-Lopez raises the following issue: "Did the PCRA [c]ourt err when it dismissed this matter, without a hearing, even though [Hildalgo-Lopez] properly pled, and would have been able to prove, that he was entitled to PCRA relief?" Brief of Appellant, at 3.

We begin by noting our standard of review in this matter.

> On appeal from the denial of PCRA relief, our standard of review calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. The PCRA court's factual determinations are entitled to deference, but its legal determinations are subject to our plenary review.

*Commonwealth v. Nero*, 58 A.3d 802, 805 (Pa. Super. 2012) (internal citations omitted).

In his sole issue on appeal, Hildalgo-Lopez claims that trial counsel was ineffective for conceding an objection lodged by the Commonwealth to trial

counsel's attempt to cross-examine Philadelphia Police Officer Thomas O'Neill, the Commonwealth's accident reconstruction expert, regarding information that Hildalgo-Lopez was the passenger, not the driver, of the car that caused the fatal crash. Specifically, following the crash, other police officers asked Hildalgo-Lopez who had been driving the car and Hildalgo-Lopez indicated that his brother had been the driver. Those officers told a third officer what Hildalgo-Lopez had said, and the third officer recorded those statements in a report, which Officer O'Neill referenced in his own report. At trial, counsel attempted to question Officer O'Neill regarding that information. After a lengthy sidebar, during which the court repeatedly sustained the Commonwealth's hearsay objection, counsel conceded the argument and agreed to move on to another line of questioning. On direct appeal, Hildalgo-Lopez claimed that the trial court erred in sustaining the Commonwealth's hearsay objection to defense counsel's questioning of Officer O'Neill. This Court concluded that the claim was waived because counsel had conceded the objection, and Hildalgo-Lopez now argues ineffectiveness. Hildalgo-Lopez is entitled to no relief.

Counsel is presumed to have rendered effective assistance. ***Commonwealth v. Sepulveda***, 55 A.3d 1108, 1117 (Pa. 2012). In order to obtain relief on a claim of ineffectiveness, a PCRA petitioner must satisfy the performance and prejudice test set forth in ***Strickland v. Washington***, 466 U.S. 668, 687 (1984), pursuant to which the petitioner must establish three elements: (1) the underlying claim has arguable merit; (2) no reasonable

- 3 -

basis existed for counsel's actions or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error. ***Commonwealth v. Pierce***, 527 A.2d 973, 975 (Pa. 1987). A petitioner's claim fails if he fails to establish any prong of the ***Strickland*** test. ***Commonwealth v. Fulton***, 830 A.2d 567 (Pa. 2003).

Generally, "[a] police report prepared by an officer who is not a witness to the accident is inadmissible hearsay that should not be admitted into evidence. Nor should a party be able to get such a report into evidence in an indirect manner." ***Rox Coal Company v. Workers' Compensation Appeal Board (Snizaski)***, 807 A.2d 906, 914 (Pa. 2002). A police report containing statements from persons who witnessed an incident is double hearsay and, therefore, is only admissible if there is a separate hearsay exception for each statement in the chain. ***Commonwealth v. May***, 898 A.2d 559, 566 (Pa. 2006).

Here, the evidence in question essentially constituted quadruple hearsay, as the information was: (1) told by Hildalgo-Lopez to two officers; (2) the two officers relayed the information to a third officer; (3) the third officer included the information in a written report; (4) which report Officer O'Neill referenced in his own report. Thus, Hildalgo-Lopez was required to establish an exception to the hearsay rule for each link in the chain of hearsay. He failed to do so.

Hildalgo-Lopez's sole argument to support his claim is the following:

- 4 -

[Trial counsel] should have sought the admission of the evidence, perhaps as a business record in retrospective, the ruling of the learned [t]rial [j]udge may have been correct; on the other hand, maybe it was not correct and what we do know is that the actions of trial counsel deprived [Hildalgo-Lopez] of having the Superior Court review this on appeal.

Brief of Appellant, at 10. Hildalgo-Lopez, however, provides no citation to authority to support his claim that the evidence is, "perhaps," admissible as a business record,[2] nor does he suggest exceptions to the hearsay rule for each of the multiple levels of hearsay. Accordingly, Hildalgo-Lopez has failed to meet his burden to establish that his claim possesses arguable merit, **Pierce**, **supra**, and the PCRA court properly denied relief.[3]

_____

[2] Even if the police report were admissible as a business record under 42 Pa.C.S.A. § 6108, the admission of the report does not automatically render any statements included therein admissible. Whether or not the report is admissible, the statements themselves are also hearsay, admissible only if there is a separate hearsay exception for each statement in the chain. **May**, 898 A.2d at 565.

[3] To the extent Hildalgo-Lopez attempts to assert an undeveloped claim that trial counsel was ineffective for failing to call witnesses, he is likewise entitled to no relief. Hildalgo-Lopez attached to his PCRA petition affidavits from two witnesses—neither of whom witnessed the accident—who claimed that they had information that Hildalgo-Lopez's brother was driving the car at the time of the accident. To prevail on a claim that counsel was ineffective for not calling a witness, a petitioner must present sufficient information in his petition to prove that: (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew, or should have known, of the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied a fair trial. **Commonwealth v. Sneed**, 45 A.3d 1096, 1108-09 (Pa. 2012). Ineffectiveness for failing to call a witness will not be found where a defendant fails to provide affidavits from the alleged witnesses indicating availability and willingness to cooperate with the defense. **Commonwealth v. Khalil**, 806 A.2d 415, 422 (Pa. Super. 2002). Here, the witness affidavits submitted by Hildalgo-Lopez fail to state that affiants were willing and available to testify at his trial. As such, his claim must fail.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/8/19