IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Twila Haynes,                        :
                    Petitioner       :
                                     :
        v.                           :   No. 1602 C.D. 2018
                                     :   SUBMITTED:  April 26, 2019
Workers' Compensation Appeal         :
Board (Assets Protection, Inc.),     :
                    Respondent       :


BEFORE:    HONORABLE ROBERT SIMPSON, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE ELLEN CEISLER, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                                FILED:  July 9, 2019

        Twila Haynes (Claimant), representing herself, petitions for review from an

order of the Workers' Compensation Appeal Board (Board).  The Board affirmed

the dismissal by a Workers' Compensation Judge (WCJ) of Claimant's petition for

workers' compensation benefits.  After thorough review, we affirm.

## I. Background

### A. Alleged Work Injury

        The record is nearly bare of established facts concerning Claimant's alleged

work injury.  Solely for purposes of background, we recite the following alleged

facts as represented by Claimant in an exhibit to her petition for review.

        Claimant was employed by Assets Protection, Inc. (Employer) from June

2012 to September 2014 as a security officer stationed at a specified location for one

of Employer's clients.  In March 2014, Claimant developed a respiratory infection.

To avoid making her condition worse, Claimant began wearing a mask at work, as prescribed by her doctor.

In August 2014, Employer requested a letter from Claimant's doctor stating the mask was medically necessary. Her doctor provided a two-line statement that Claimant needed "to wear a mask at work to limit her exposure to other ill individuals for medical reasons." Pet. for Review, Ex. C, Attachment I.

In late August 2014, Employer informed Claimant she could no longer work at her previous assignment, but other assignments were available. The circumstances in which Claimant's employment terminated, allegedly in September 2014, are not stated in the record. Claimant asserts that Employer fired her when it could not provide necessary accommodations of her medical condition.

## B. Averments of the Claim Petition

In her unrepresented workers' compensation claim petition dated September 3, 2017, Claimant stated her claim related to an injury that occurred August 28, 2014, more than three years earlier. *Id.* Certified Record (C.R.) Item #2 at 1, 2. She described her alleged injury as "upper respiratory infection wrist shoulder neck injury." *Id.* at 1. The record contains no information concerning the causes of these alleged injuries. Notably, the claim petition contained no averment of any cumulative trauma or other ongoing injury.

Claimant stated she provided notice of the injury to Employer on July 8, 2014 (nearly two months before the injury allegedly occurred) by means of a "doctor note."[1] *Id.* at 2. She indicated the alleged injury did not stop her from working. *Id.*

---

[1] The only "doctor note" in the record is the letter described above, advising Employer that Claimant's mask was medically necessary. That letter was dated August 18, 2014. Pet. for Review, Ex. C, Attachment I. It did not indicate that Claimant had sustained a work injury. *See id.*

2

at 3. She stated her last date of employment was "Unknown." *Id.* at 2; *see also id.* at 3 (leaving blank the space on the petition form for the date Claimant stopped working). However, she indicated she was seeking payments for "Full Disability" beginning August 28, 2014 and ongoing. *Id.* at 3. As her reason for seeking workers' compensation payments, Claimant stated: "firing while under a medical profile for damages." *Id.*

### C. The WCJ Hearing

Claimant, appearing without legal representation, testified at a hearing before the WCJ on October 12, 2017. She confirmed in her testimony that she was suffering from a respiratory infection on August 28, 2014. WCJ's Hr'g, 10/12/17, Notes of Testimony (N.T). at 3. She testified further that she first began receiving treatment for the infection earlier, in March of 2014. *Id.* at 4. She offered no evidence of either the date her employment terminated or the reason for the termination.

Employer moved for dismissal of the claim petition, based on the three-year statute of repose in Section 315 of the Workers' Compensation Act[2] (Act), 77 P.S. § 602. N.T. at 3. The WCJ granted Employer's motion and dismissed the claim petition, finding it was untimely on its face. *Id.* at 4; C.R. Item #5, Order dated October 13, 2017.

Before closing the hearing, however, the WCJ suggested to Claimant that she seek legal representation to see whether she could refile. N.T. at 4. The WCJ informed Claimant that she would need an attorney because her claim would require submission of expert medical evidence by means of depositions of medical experts. *Id.* The WCJ pointed out that such depositions cost thousands of dollars, but that an attorney representing Claimant would advance those costs. *Id.* The WCJ also

---

[2] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4 – 2501-2710.

explained that an attorney would understand what questions to ask the medical experts in order to elicit information necessary to satisfy Claimant's burden of proof. *Id.* The WCJ gave Claimant the telephone number of the Philadelphia Lawyer Referral Service, and also suggested Claimant approach some of the claimants' attorneys then waiting in the hall outside the hearing room and ask to talk to them about whether she might have a viable claim. *Id.* at 5. In parting, the WCJ told Claimant, "I wish you the best of luck but you definitely need to speak to a professional, okay." *Id.*

### D. Appeal to the Board

Claimant, still representing herself, filed an appeal to the Board from the WCJ's decision. C.R. Item #6. In her appeal to the Board, Claimant argued the WCJ erred by basing her decision on Claimant's date of injury, August 28, 2014. *Id.* Claimant asserted her last day of employment was after September 10, 2014, which was within the three-year statute of repose. *Id.* She averred she had documentation to establish her employment termination date.[3] *Id.* She argued her claim petition was timely because she filed it within three years of that date. *See* Board Decision, 10/10/18 (Bd. Dec.), at 2.

Claimant did not assert before the Board that the WCJ acted improperly in suggesting she obtain legal counsel.

In its opinion and order dated October 10, 2018, the Board affirmed the WCJ's order. The Board found the date Claimant's employment ended was irrelevant, because the date of injury, not the last day of work, applies in calculating the time limit for filing a claim petition. Bd. Dec. at 3. Notably, the Board observed that Claimant had not argued that August 28, 2014 was not the correct injury date. *Id.*

---

[3] The record contains no such documentation.

4

The Board acknowledged that the last day of employment may be used to calculate the three-year time limit in cumulative trauma cases. *Id.* (citing *City of Philadelphia v. Workers' Comp. Appeal Bd. (Williams)*, 851 A.2d 838 (Pa. 2004)). However, the Board found Claimant did not aver a cumulative work injury.[4] Bd. Dec. at 3. Therefore, the Board concluded the WCJ was correct in finding Claimant filed her claim petition outside the three-year time limit under the Act.

Claimant's petition for review in this Court followed.

## II. Issues

On appeal,[5] Claimant's issues are not clearly stated. However, we discern the following three arguments in Claimant's brief. First, she contends the "BWC"[6] incorrectly denied her claim on the basis that she failed to offer evidence of a work injury, when in fact she submitted supporting medical documentation. Second, she asserts her date of injury was not August 28, 2014, but rather, she suffered a cumulative trauma injury; therefore, her injury date, for purposes of calculating the time limit for filing her claim petition, was the date on which her employment ended. Third, she alleges the WCJ displayed racial bias by denying her constitutional right of self-representation and by implying she lacked funds to pay expert fees.

---

[4] The Board would not have been free in any event to consider Claimant's unsupported statement that her injury continued to occur after August 28, 2014. Claimant had already waived that argument by failing to assert it in her claim petition or before the WCJ. *Rox Coal Co. v. Workers' Comp. Appeal Bd. (Snizaski)*, 807 A.2d 906 (Pa. 2002).

[5] Our review is limited to determining whether the WCJ's findings of fact were supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated. *Grimm v. Workers' Comp. Appeal Bd. (Fed. Express Corp.)*, 176 A.3d 1045 (Pa. Cmwlth.) (*en banc*), *appeal denied*, 189 A.3d 385 (Pa. 2018).

[6] Claimant does not define this term. Presumably it stands for the Bureau of Workers' Compensation. It is not clear whether Claimant is referring to the WCJ, the Board, or both.

### III. Discussion

Section 315 of the Act provides, in pertinent part: "In cases of personal injury all claims for compensation shall be forever barred . . . unless within three years after the injury, one of the parties shall have filed a petition as provided in article four hereof." 77 P.S. § 602. Section 315 of the Act is a statute of repose, not a statute of limitations. *Bellefonte Area Sch. Dist. v. Workmen's Comp. Appeal Bd. (Morgan)*, 627 A.2d 250 (Pa. Cmwlth. 1993). As such, it completely extinguishes all of a claimant's rights and remedies under the Act if the claim petition is not filed within three years after the date of injury. *Armco, Inc. v. Workmen's Comp. Appeal Bd. (Mattern)*, 667 A.2d 710 (Pa. 1995).

Moreover, compliance with the statute of repose is a jurisdictional prerequisite. It is not Employer's burden to raise untimeliness as an affirmative defense; rather, it is Claimant's burden to prove her claim petition was timely. *Sharon Steel Corp. v. Workmen's Comp. Appeal Bd. (Myers)*, 670 A.2d 1194 (Pa. Cmwlth. 1996).

Here, Claimant asserts several arguments on appeal. However, the overarching issue is her failure to comply with the statute of repose. We discuss each of her arguments in turn.

### A. Absence of Medical Documentation

Claimant argues she submitted medical documentation of a work injury, and therefore, her claim should not have been denied for lack of such evidence. We discern no merit in this argument.

The lack of medical evidence was not the basis of either the WCJ's or the Board's decision. The WCJ dismissed the claim petition because it was untimely under the three-year statute of repose. The Board affirmed on the same basis. Any

purported failure to consider medical evidence Claimant allegedly submitted would have been relevant, if at all, only to the extent it affected the determination of Claimant's injury date for purposes of calculating the three-year filing limit. However, Claimant expressly pleaded in her claim petition and testified under oath at the hearing that her injury date was August 28, 2014. Thus, no medical evidence on that issue was needed.

Moreover, contrary to Claimant's assertion, there is no medical documentation of a work injury in the record. The only medical evidence of any kind submitted by Claimant was the cursory letter from her doctor stating Claimant needed to wear a mask at work to avoid exposure to ill individuals. Pet. for Review, Ex. C, Attachment I. Although the letter arguably implied an unspecified respiratory condition, it did not suggest any such condition was work-related. Further, the letter made no mention at all of Claimant's alleged wrist, shoulder, and neck injuries.

Accordingly, we find no error in the failure of the WCJ or the Board to consider alleged medical evidence.

### B. Date of Injury

Notwithstanding her previous averments that her date of injury was August 28, 2014, Claimant insists the date of injury was never established and was not August 28, 2014. She asserts instead that she incurred cumulative trauma, such that her injury date, for statute of repose purposes, was the date her employment ended. *See* Br. for Pet'r at 4 (citing *Williams*). We reject this argument.

As discussed above, Claimant failed to allege cumulative trauma in either her claim petition or before the WCJ. Therefore, she waived that argument. *Rox Coal Co. v. Workers' Comp. Appeal Bd. (Snizaski)*, 807 A.2d 906 (Pa. 2002).

Further, as explained in the previous section, there is no relevant medical evidence in the record. Thus, there is no support for Claimant's assertion that her alleged injury was cumulative rather than having occurred on August 28, 2014. In fact, there is no evidence she incurred any work-related injury.

Significantly, it was Claimant herself who represented, both in her claim petition and under oath before the WCJ, that her injury date was August 28, 2014. She also sought workers' compensation benefits beginning on that date, thus further suggesting she considered that to be the date of her alleged injury. Her present contrary assertion that her injury date was not established and was different from August 28, 2014 is not well taken. We agree with the Board that the WCJ did not err in using August 28, 2014 as Claimant's injury date for purposes of applying the statute of repose.

### C. Bias by the WCJ

Finally, Claimant argues the hearing transcript reveals racial bias by the WCJ. Claimant contends the WCJ improperly deprived her of her constitutional right of self-representation by telling her she needed legal representation to pursue a claim. Claimant also asserts the WCJ displayed racial bias by suggesting Claimant lacked funds to pay medical expert fees. This argument is without merit.

Notably, Claimant did not raise this issue before either the WCJ or the Board. Accordingly, it is waived. *McGaffin v. Workers' Comp. Appeal Bd. (Manatron, Inc.)*, 903 A.2d 94 (Pa. 2006) (citing Pa. R.A.P. 1551); *Rox Coal Co.*

Moreover, both the hearing transcript and the WCJ's subsequent written order make clear that the sole basis for dismissal of the claim petition was that it was filed outside the time limit imposed by the statute of repose. That decision was legally

correct, as discussed above. Because Claimant's unrepresented status was not the basis of the decision, the WCJ did not deprive her of any right to represent herself.

Contrary to Claimant's argument, the transcript does not indicate any racist tone in the WCJ's statements. The WCJ stated she was dismissing the claim petition because it was untimely filed. N.T. at 4. She then suggested that Claimant should consult legal counsel to see whether she might have a viable claim that she could refile. *Id.* The WCJ accurately informed Claimant that, assuming there was some way for her to refile her claim petition, she would need expert medical testimony to support her claim, and legal counsel would know the correct deposition questions to ask an expert in order to elicit the necessary support. *Id.* The WCJ also accurately stated that medical expert depositions typically cost thousands of dollars, and that legal counsel generally advances those costs. *Id.* The WCJ provided Claimant with contact information for a legal referral service, and also suggested there were at that moment a number of claimants' attorneys outside the hearing room from whom Claimant could seek information about her case. Thus, our review of the hearing transcript reveals no racial bias by the WCJ; rather, it suggests the WCJ did everything reasonably possible to aid Claimant in finding help to determine whether there was any further claim she could file.

We reject Claimant's argument of racial bias.

## IV. Conclusion

For the foregoing reasons, we affirm the Board's decision.

_____
ELLEN CEISLER, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Twila Haynes,                          :
                    Petitioner          :
                                        :
        v.                              :   No. 1602 C.D. 2018
                                        :
Workers' Compensation Appeal            :
Board (Assets Protection, Inc.),        :
                    Respondent          :

# **O R D E R**

AND NOW, this 9th day of July, 2019, the order of the Workers' Compensation Appeal Board is AFFIRMED.

_____
ELLEN CEISLER, Judge